## LUTHER ROBINSON *v.* STATE OF MARYLAND

[No. 164, September Term, 1967.]

668

*Decided April 16, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Charles Philip Brown* for appellant.

*Henry J. Frankel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Barrett W. Freedlander'* and *Hilary Caplan, Assistant State's Attorneys for Baltimore City,* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

Appellant was convicted on May 2, 1967, in the Criminal Court of Baltimore, Judge Charles D. Harris presiding without a jury, of storehouse breaking and larceny and sentenced to five years imprisonment in the Maryland House of Correction on each count, the sentences to run concurrently. He contends on this appeal that the lower court erred (a) in admitting his confession into evidence since it was not shown to have been voluntarily made, and (b) that there was no evidence corroborating the confession sufficient to justify the convictions.

The evidence adduced at the trial showed that appellant was arrested without a warrant "for investigation" by Baltimore County police officers at 8:30 p.m. on December 10, 1966. He was taken to police headquarters in Towson and interrogated about a number of Baltimore County burglaries until about midnight, when he was transferred to the Parkville station for the night. He was returned to Towson the following afternoon and again briefly interrogated, after which he was taken to the Cockeysville station to spend the night. On Monday, December 12, he was again returned to Towson where he was interrogated from about 10:00 a.m. until 1:30 p.m. when he gave a statement to the officers admitting offenses in Baltimore County. On Tuesday, December 13, the Baltimore County police phoned Sgt. Arthur Simonsen of the Baltimore City Police Department, telling him that they had the appellant in custody and that he was responsible for a burglary in Baltimore City. Sgt. Simonsen proceeded at once to Towson headquarters and at 1:00 p.m. that day, appellant gave him a statement admitting complicity in the Baltimore City offenses involved in the instant case.

At the trial, Sgt. Simonsen testified that prior to interrogating appellant, he advised him of his rights under *Miranda v. Arizona,* 384 U. S. 436; that appellant affirmatively and expressly waived these rights; that the appellant appeared in fairly good condition during the interrogation, even though he was known to be a drug addict; and that no threats, promises, or inducements were made to appellant to cause him to make a statement. The appellant objected to the introduction of the statement on the ground that under *Westover v. United States,* 384 U. S., at page 494, a companion case to *Miranda v. Arizona, supra,* the persistent and lengthy interrogation conducted by Baltimore County officers immediately prior to his interrogation by Sgt. Simonsen was such as to make the confession given by him to Sgt. Simonsen the involuntary product of the coercive and unconstitutional pressures applied earlier by the Baltimore County officers. Appellant, testifying on the issue of the voluntariness of his statement to Simonsen, stated that the Baltimore County officers never advised him of his *Miranda* rights, that he was a drug addict and ill during his interrogation by Baltimore County officers, that he was told by the Bal-

timore County officers that he would be taken to a hospital if he would confess to certain crimes in that County, and that he was told that he could involve a co-defendant, Samuel Spedalere, only if he himself confessed. On cross-examination by the State, appellant testified, in somewhat contradictory manner, that he did not confess to the Baltimore County crimes because he was told he would be taken to a hospital, but because Spedalere had given a statement to the police, and he was told by Baltimore County officers that "it would be best" if he gave a statement to "clarify up all these crimes." Appellant testified that he gave a statement because he wanted to involve Spedalere, that he gave a statement after he found out that Spedalere had confessed, that he gave a statement so that, "his records * * * would be clarified" as to the crimes that he had committed, and that he confessed because he was told by the officers that if he did not, he would be picked up later.

While the Baltimore County police officers who had arrested and interrogated appellant were present in court and testified for the State, they were not asked, nor did they rebut or contradict appellant's testimony concerning the promises and verbal threats allegedly made by them to him to obtain a confession to the Baltimore County crimes, nor did they rebut appellant's testimony that they did not advise him of his *Miranda* rights at any time while in their custody.

The trial judge admitted the confession into evidence, finding as a fact from the evidence that there was no persistent or prolonged interrogation overbearing the will of the appellant to resist, that appellant's movement between the various stations was due to the fact that there was inadequate sleeping facilities at Towson headquarters, that Sgt. Simonsen had given appellant all *Miranda* warnings prior to interrogating him, that he did not believe appellant's statement that the County officers had promised him hospital treatment in return for a confession, and that the reason appellant confessed was because of his knowledge that Spedalere had implicated him and "to get back at Spedalere" he also made a statement.

It is well settled that in order for a confession to be admissible into evidence against an accused, the State must prove that it was voluntary and not the product of force, threats, prom-

ises or inducements. *Abbott v. State,* 231 Md. 462; *Cooper v. State,* 1 Md. App. 190. Otherwise stated, to be voluntary, a statement cannot be "extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence." *Malloy v. Hogan,* 378 U. S. 1, 7; *Lyter v. State,* 2 Md. App. 654. In post-*Miranda* trials, where the State seeks to introduce a statement taken from an accused during custodial interrogation, it must, as part of its proof of voluntariness, affirmatively show that all warnings required to be given to an accused by that case prior to such interrogation were so given, *Robinson v. State,* 1 Md. App. 522, and that the accused, in giving the statement, understood his rights and knowingly and intelligently waived them, *Johnny Mack Brown v. State,* 3 Md. App. 313. The basic standard governing the admissibility of an extra-judicial statement is whether, considering the totality of the circumstances, the statement was voluntary. *Clewis v. Texas,* 386 U. S. 707; *Taylor v. State,* 238 Md. 424; *McFadden v. State,* 1 Md. App. 511. Within this constitutional framework, the question of whether a confession should be admitted in evidence is ordinarily a matter for the trial court to decide and its determination will not be disturbed on appeal unless there was a clear abuse of discretion. *Cunningham v. State,* 247 Md. 404; *Carrington v. State,* 1 Md. App. 353.

The record before us does not disclose the details of the confession given by the appellant to Baltimore County police officers, nor does it contain any evidence to show that appellant confessed his involvement in the Baltimore City crime to the Baltimore County police officers. The implication to be gathered from the testimony, as we read it, is that it was Spedalere, appellant's confederate, and not the appellant, who informed the Baltimore County police of appellant's participation in the Baltimore City crime which ultimately led to Sgt. Simonsen's questioning of the appellant at Towson police headquarters. This is not a case then falling precisely within the rule articulated in *Combs v. State,* 237 Md. 428, 435, that where one confession is held to be involuntary and inadmissible, subsequent confession *to the same crime* is presumed to flow from the improper influence which produced the first confession, at least until a

cessation of that influence is definitely shown; and that the evidence to overcome and rebut such a presumption must be clear, strong and satisfactory, and any doubt on the question resolved in favor of the accused. Cases of this factual posture are well illustrated by *Clewis v. Texas, supra,* where the Supreme Court held, under the circumstances of that case, that a subsequent confession to the same crime could not be separated from an earlier coerced confession because "there was no break in the stream of events * * * sufficient to insulate the statement from the effect of all that went before." In *Keller v. State,* 2 Md. App. 623, we found on the facts of that case that the compelling background of improper inducements which produced the first confession was not so dissipated as to render a subsequently given confession to the same crime free and voluntary. See also *Beecher v. Alabama,* 389 U. S. 35; *United States v. Bayer,* 331 U. S. 532. And since we are not here dealing with a subsequent confession given to the same crime, the fact that the State did not specifically rebut appellant's testimony to the effect that improper inducements and verbal threats were made to him to obtain a confession to Baltimore County crimes does not, of course, compel a finding that the State necessarily failed to prove the voluntariness of the subsequent confession to a different crime given to a Baltimore City police officer. See *Streams v. State,* 238 Md. 278, and cases there cited.

We think the proper test to be applied in determining the voluntariness of appellant's confession to Sgt. Simonsen is, as heretofore indicated, whether, under all of the circumstances, it was the product of a free and unconstrained will which had not been overborne or compelled; in other words, the appropriate inquiry is whether the alleged mistreatment received at the hands of the Baltimore County police, together with the circumstances under which appellant was held in custody, were such as unconstitutionally influenced the making of the subsequent confession. See *O'Connor v. State,* 234 Md. 459, where the court concluded on the facts of that case that a confession given to the Maryland State Police was not the product of earlier alleged mistreatment by New Jersey police, and *Mefford and Blackburn v. State,* 235 Md. 497, another case wherein it was unsuccessfully urged that a confession to officers of one police de-

partment was the product of earlier mistreatment by officers of another department. See also *Cooper v. State, supra.* In *Westover v. United States, supra,* involving, as here, custody and interrogation by officers of one police department, and a subsequent confession to a different crime given to federal officers, the facts showed that the local police gave the accused no constitutional warnings, as now required by *Miranda,* and subjected him to continuing interrogation over a fourteen hour period, immediately following which the federal officers, using the same interrogation facilities, interrogated him without securing a waiver of his right to remain silent or of his right to consult with counsel prior to their interrogation. The court there held that although the two law enforcement authorities were legally distinct, and the crimes for which they were interrogating Westover were different, "the impact on him was that of a continuous period of questioning," that the federal interrogation was conducted, "in the same compelling surroundings," that in obtaining a confession from Westover, the federal authorities were "the beneficiaries of the pressure applied by the local in-custody interrogation," and that "in these circumstances" an intelligent waiver of Westover's constitutional rights to remain silent and to counsel could not be assumed.

Viewing the record before us in light of the principle enunciated by these cases, we hold that the trial judge did not abuse his discretion in admitting the appellant's confession into evidence. We note at the outset that illegal detention, by itself, does not render a subsequently given confession involuntary, *Streams v. State, supra,* and *State v. Hill,* 2 Md. App. 594; that lengthy questioning does not, of itself, make a confession involuntary, *Cooper v. State, supra;* and the fact that appellant may have been a drug addict and undergoing withdrawal symptoms at the time of his confession would not, standing alone, compel a finding that his confession was involuntarily made, *Bryant v. State,* 229 Md. 531. We note further that appellant's testimony concerning the circumstances and conditions under which he confessed to the Baltimore County officers was contradictory in part, that the trial judge expressly stated his disbelief of appellant's testimony that the officers promised him medical treatment in return for a confession, and that it was the court's con-

clusion that the confession resulted from appellant's voluntary desire to implicate a co-defendant, Spedalere. We also note that while there is no evidence that the Baltimore County officers afforded appellant any *Miranda* warnings while in their custody, it is clear that Sgt. Simonsen did afford such warnings and, unlike the situation in *Westover*, he secured an express waiver of appellant's *Miranda* rights. Moreover, again unlike *Westover*, appellant's statement to Sgt. Simonsen was given a full twenty-four hours after questioning by the Baltimore County officers had ceased, so that there was a significant passage of time between interrogations, as well as a change in interrogators—factors properly to be considered in determining whether the taint of the initial interrogation had been dissipated. That the trial judge, in admitting the confession in evidence, did not abuse his discretion is, we think, entirely clear.

The appellant next contends that the evidence introduced at his trial was insufficient to support his convictions, since it consisted only of his extrajudicial confession without independent proof of the *corpus delicti*. We cannot agree. As we stated in *Howard v. State*, 1 Md. App. 379, 382, quoting *Bradbury v. State*, 233 Md. 421, 425:

> "* * * the independent evidence necessary to support the confession need not be 'full and positive' proof of the *corpus delicti* and may be small in amount, if such proof, when considered with the confession, convinces the jury beyond a reasonable doubt of the guilt of the accused."

Otherwise stated, any facts and circumstances that are substantial in nature and fortify the truth of the confession or statement are sufficient to support a conviction. See *Holland v. State*, 244 Md. 671; *Hadder v. State*, 238 Md. 341; *Koprivich v. State*, 1 Md. App. 147; *Whitmer v. State*, 1 Md. App. 127. We think the evidence adduced at the trial established sufficient independent proof of the *corpus delicti* to sustain the appellant's conviction. It was stipulated that when the owner of Tommey's Pharmacy left his store on the evening of December 3, 1966, the doors and windows were locked and that when he returned in the morning the door of the pharmacy was open and

property totaling $1,237.86 in value had been removed from the premises; that among the goods taken from the pharmacy was a display case containing ten Zippo lighters; and that these lighters were subsequently recovered from Spedalere's automobile on December 8, 1966, and identified at the trial as those taken from the pharmacy. The appellant's statement indicated that he had knowledge that these lighters had been taken during a burglary of the pharmacy, which he had committed in the company of Spedalere. The attending facts clearly give credence to the appellant's confession and independently establish the *corpus delicti*.

Appellant also contends that the trial judge improperly permitted the State to question him as to his prior criminal convictions when he had taken the stand only to testify concerning the voluntariness of his confession. This contention has no merit. In this State it has been firmly established that in criminal cases where the defendant is a witness in his own behalf, he thereby puts his character in issue and may be asked on cross-examination if he has been convicted of crime, even where he takes the stand only for the limited purpose of the voluntariness of his statement. The background of this rule together with a compilation of cases so holding can be found in Judge O'Donnell's exhaustive opinion in *Boone v. State*, 2 Md. App. 80, pages 101-107.

*Judgments affirmed.*