## DONALD ELWOOD BARNHART *v.* STATE OF MARYLAND

[No. 10, September Term, 1968.]

*Decided October 7, 1968.*

The cause was argued before Murphy, C.J., and Anderson, Orth, and Thompson, JJ.

*Howard W. Gilbert* for appellant.

*Fred Oken, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, David K. Poole, Jr., State's Attorney for Washington County,* and *Lynn F. Meyers, Assistant State's Attorney for Washington County,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

The appellant was found guilty by a jury in the Circuit Court for Washington County of breaking a storeroom with intent to steal goods of the value of $100 or more and sentenced to imprisonment for an indeterminate period not to exceed three years.[1] At his trial a confession made by him to the police during a custodial interrogation was admitted in evidence.

> "The practice in this State, approved in many cases, is that the court first hears evidence without the jury to determine whether a confession is voluntary and should be admitted. If it decides to admit it, the same evidence is then given to the jury, as it has the final determination, irrespective of the court's preliminary decision, whether or not the confession is voluntary, and whether it should be believed. In so doing the jury is entitled to have before it all of the evidence which affects the voluntary character of the document, and which the court passed upon in admitting it." *Day v. State,* 196 Md. 384, 399.

See *Peters and Demby v. State,* 187 Md. 7, 15; *Smith v. State,* 189 Md. 596, 603; *Hall v. State,* 223 Md. 158, 169; *Davis and Peterson v. State,* 1 Md. App. 581, 585. Thus the court has the preliminary decision whether or not the confession was voluntary and the trier of facts has the final determination whether

---

**1.** Carlton Lee Mitchell, Jr. and Clyde Edward Barnhart were indicted with the appellant. Mitchell pleaded guilty. Clyde Barnhart was tried with the appellant and found guilty. Each was given an indeterminate sentence of five years which was suspended on conditions imposed.

or not it was voluntary and whether or not it should be believed. The function of the court as to the preliminary decision is separate and distinct from the function of the trier of facts (the jury in a case tried by it or the court in a case tried by the court sitting without a jury)[2] as to the ultimate determination. It was established as early as 1873 that the question as to whether a confession is admissible in evidence is for the court alone, *Nicholson v. State,* 38 Md. 140, 155-156 and the rule has been reaffirmed in numerous cases thereafter. See cases cited in *Linkins v. State,* 202 Md. 212, 221. The Court said in *Linkins,* at 221-222:

> "Admissibility does not signify that the evidence admitted has demonstrated or proved the fact to be proved, but merely that it is received by the tribunal for the purpose of being weighed with other evidence. Admissibility falls short of proof. The rule of law uttered by the judge, merely declares what is sufficient to go to the jury. The jury ultimately decides upon the total effect we call proof."

The preliminary decision by the court, therefore, involves a mixed question of law and fact. In reaching this preliminary decision the court need not find beyond a reasonable doubt that the confession was voluntary. The only duty of the trial court at this point is to decide whether the *prima facie* proof was such as to establish that the confession was freely and voluntarily made. *Ralph v. State,* 226 Md. 480, 487.

> "Before a confession can be admitted in evidence, the State must show, to the satisfaction of the court, that it was the free and voluntary act of an accused; that no force or coercion was exercised by the officers obtaining the confession, to cause the accused to confess; that no hope or promise was held out to an accused for the purpose of inducing him to confess. [And

---

2. The rule is also applicable to a case tried without a jury. There the court has the preliminary decision leaving the ultimate determination to the court as the trier of facts. *Ralph v. State,* 226 Md. 480, 487.

as to confessions obtained by a custodial interrogation in cases, the trial of which began after the decision on 13 June 1966 in *Miranda v. Arizona,* 384 U. S. 436, that the procedural safeguards therein enunciated were employed. See *Gaudio and Bucci v. State,* 1 Md. App. 455]. If after a consideration of both the evidence of the State and the evidence offered by an accused (if any be offered by him) regarding the matter, the court is of the opinion that the evidence shows, *prima facie,* that the confession was freely and voluntarily made, it should be admitted in evidence; and if not it should be rejected." *Smith v. State, supra,* at 603: Quoted with approval in *Linkins v. State, supra,* at 222 and *Hall v. State, supra,* at 169; cited in *Ralph v. State, supra,* at 487. See *Robinson v. State,* 3 Md. App. 666, 670-671; cited in *Wiggins v. State,* 4 Md. App. 95, 105.

On the other hand the ultimate determination by the trier of facts is a question of fact and the confession must be found to be voluntary beyond a reasonable doubt.

"When admitted in evidence it is *prima facie* proof that the confession was freely and voluntarily made, but the *ultimate fact* is for the jury, and must be considered by it in the light of all the facts and circumstances of the case. If the jury, notwithstanding the confession is admitted, finds that from all the testimony in the case it has not been proved beyond a reasonable doubt that it was the free and voluntary expression of the accused, it should disregard the confession in the consideration of the guilt or innocence of the accused. If they do find that the proof shows beyond a reasonable doubt that the accused freely and voluntarily made the same * * * they should consider it, together with all the other facts and circumstances in evidence, in arriving at the verdict." *Linkins v. State, supra,* at 223 (emphasis supplied).

So the preliminary decision of the court as to the admissibility of the confession, made within the required constitutional

framework, will not be disturbed on appeal unless there was a clear abuse of discretion. *Cunningham v. State*, 247 Md. 404; *Robinson v. State, supra,* at 671; *Carrington v. State*, 1 Md. App. 353. But the ultimate determination by the trier of facts as to whether or not the confession was voluntary is reviewed on appeal by applying the tests as to the sufficiency of the evidence. See *Plumley v. State*, 4 Md. App. 671; *Tillery v. State*, 3 Md. App. 142; *Agresti v. State*, 2 Md. App. 278; *Hutchinson v. State*, 1 Md. App. 362; *McFadden v. State*, 1 Md. App. 511. Of course, whether or not the confession should be believed, goes to the weight of the evidence and the credibility of the witnesses which are matters for the trier of facts. *Gibson v. State*, 4 Md. App. 222; *Thompson v. State*, 4 Md. App. 31; *Sadler v. State*, 1 Md. App. 383.

A defendant's constitutional rights are violated when his challenged confession is introduced without the preliminary decision by the trial judge of its voluntariness after an adequate hearing. *Jackson v. Denno*, 378 U. S. 368. Since a confession by the defendant found not to be voluntary by the trial judge is not to be heard by the jury which determines guilt or innocence, the best practice is to hear evidence on the preliminary question out of the presence of the jury and the Court of Appeals has recommended such practice. *Smith v. State, supra,* at 606. The Supreme Court has also found that it is prudent to do so. *Pinto v. Pierce*, 389 U. S. 31. But both *Smith* and *Pinto* hold that if the confession was properly admitted it is not reversible error because the testimony on the preliminary hearing was taken in the presence of the jury; the jury were entitled to have and consider all the evidence regarding it so no harm was done to the defendant.[3] However it would be reversible error in such circumstance if the confession was inadmissible even though it was excluded and the jury instructed not to consider it as part of the evidence as knowledge of the confession by the jury is apt to unduly influence its deliberations

---

3. In *Pinto*, the Court notes that, in addition, there was no claim that because the hearing was held in the presence of the jury it was inadequate or had any other unfair consequences for the defendant and that the defendant did not object to having the voluntariness of his confession considered in the presence of the jury

to the extent of depriving the defendant of a fair and impartial trial. *Smith v. State, supra,* at 606.

In the instant case testimony as to the voluntariness of the confession, offered by the State and the appellant, was first properly taken out of the presence of the jury. At the conclusion of the evidence on the issue the court ruled that the confession was admissible. The court then said to the jury:

> "Now ladies and gentlemen, the procedure we have had here, whenever the State wants to offer any written or oral statements made by any Defendant, it is incumbent upon the State to prove beyond a reasonable doubt that that statement was freely and voluntarily given and under our procedures in Maryland, we first hear the testimony outside of your presence and the Court rules as to whether or not the evidence is sufficient and the Court has heard the testimony and has so ruled, but I admonish you and warn you that you being the Judge of the law and the facts, we will repeat everything that took place in your absence and you will make the final decision as to whether you think this statement was freely and voluntarily made and I will advise you further in that before you retire for your deliberations."

Evidence as to the voluntariness of the confession was then presented to the jury. At the conclusion of that evidence the State offered the confession. The court said in the presence of the jury:

> "Let the record show this that the Court overrules the objection for the admission as the Court is of the opinion that the testimony shows conclusively that it was freely and voluntarily given, but I say at the same time, the Jury passes—you are the ones to pass on it. You don't have to pay attention as to what I feel about the law. It is rather an incongruous thing. The law says that we pass on these things preliminarily but you pass on them at the end. That is what we have to do.
> I would say here that the attack made on the volun-

tariness of it, so that you will know and 'if I forget this in my charge, that there was some statement made that the Defendant, Donald Barnhart, had asked for an attorney, but in the opinion of the Court, if he had, the Officer's testimony is to the contrary, but if he had why when he made this waiver, he had made no subsequent request for an attorney and his testimony is that he very freely and voluntarily gave this statement."

At the conclusion of all the evidence in the case the court instructed the jury. It pointed out that an accused cannot be convicted on the uncorroborated testimony of an accomplice and stated that the only corroboration of an accomplice who testified against the appellant "would only be in the statement he made incriminating himself. There is no other evidence here because there is no testimony that he was on the premises, or no other incriminating evidence of any kind except the accomplice, other than his own." As to the voluntariness of the confession the court instructed:

"And in considering the case, you will have to decide whether or not the statement that he gave is freely and voluntarily given. He takes the stand and says —I just don't know exactly what his position is. He didn't say in so many words, but I take it that he wasn't advised of his rights as to having an attorney present. And he said something about having Mr. Hovermale (his attorney) present. Now if you believe that that wasn't done, why then the statement wouldn't have been freely and voluntarily given and this is one of the elements of the crime—beyond a reasonable doubt—the same as anything else."

Later in the instructions the court said:

"And the aspects of a free and voluntary statement means that several things are involved. You must be told—you have a right to remain silent. If you don't remain silent, everything you say can be used against you. Third, you don't have to say anything without

the right to secure counsel. If you don't have counsel, the State will appoint counsel for you before you have a right to say anything. And the State now, under a recent Supreme Court Decision must show that all four elements have been satisfied before any statement is admitted. Now, there has been a waiver here showing that the State entered evidence to establish that it was freely and voluntarily given and this Court has ruled that it was, but that is a decision for you to make."

We do not think that the instructions of the lower court were adequate in the light of its remarks to the jury upon finding that the confession was admissible and in overruling the objection to its admission. We feel that the jury could have concluded therefrom that the court had found beyond a reasonable doubt that the confession had been freely and voluntarily made. But this was for the determination of the jury, not the court. The court did tell the jury that they had the ultimate decision as to whether the confession was freely and voluntarily made beyond a reasonable doubt. In the circumstances, however, the court should have made clear to the jury that its rulings merely declared that evidence produced before the court was sufficient to have the confession go to the jury; that the admission of the confession did not signify that it was thereby demonstrated or proved to be freely and voluntarily made beyond a reasonable doubt, admissibility falling short of such proof as being based only on *prima facie* proof; and that the ultimate determination of the jury as to voluntariness was to be only on evidence and rational inferences therefrom before them. We believe that the comments to the jury were in substance erroneous and that the instructions did not sufficiently clarify the matter. We think that the jury was apt to have been unduly influenced thereby in its deliberations to the extent of depriving the appellant of a fair and impartial trial. Therefore the judgment must be reversed and a new trial granted.[4]

4. The record does not disclose that objection was made to the comments or instructions on this point, but we take cognizance of the matter of our own motion. Md. Rules, 756g.

In view of our holding we do not consider other questions presented.

*Judgment reversed; case remanded for a new trial.*