FREDERICK HUTCHINSON, ALIAS ERIC BARKS-
DALE *v.* STATE OF MARYLAND

[No. 226, September Term, 1969.]

*Decided March 2, 1970.*

42

The cause was argued before MURPHY, C.J., and AN-
DERSON, MORTON, ORTH, and THOMPSON, JJ.

*E. Thomas Maxwell, Jr.,* for appellant.

*Clarence W. Sharp, Assistant Attorney General,* with
whom were *Francis B. Burch, Attorney General, Charles
E. Moylan, Jr., State's Attorney for Baltimore City,* and
*Robert C. Ozer, Assistant State's Attorney for Baltimore
City,* on the brief, for appellee.

MURPHY, C.J., delivered the opinion of the Court.

*Miranda v. Arizona,* 384 U. S. 436, was decided on June
13, 1966 and its principles are applicable in the trial of
all cases, other than retrials, begun after that date.[1] Un-
der *Miranda,* it is incumbent upon the State where it
seeks over objection to introduce in evidence a confes-

---

1. *Miranda's* standards for determining the admissibility of in-
custody statements do not apply to post-*Miranda* retrials of cases
originally tried prior to June 13, 1966. *Jenkins v. Delaware,* 395
U.S. 213, 23 L.Ed.2d 253; *Boone v. State,* 3 Md. App. 11.

sion taken from an accused during a period of custodial police interrogation to affirmatively show, as part of its proof of voluntariness, that prior to such interrogation the accused was advised in substance (1) that he had a right to remain silent, (2) that anything he said may be used against him in court, (3) that he had a right to consult with a lawyer and to have the lawyer with him during interrogation, and (4) that if the accused was unable to afford a lawyer, one would be appointed to represent him. Once so advised, the accused may waive these rights, provided the waiver is made voluntarily, knowingly, and intelligently; but the accused cannot be deemed to have waived effectuation of these rights where he was never properly advised of them or, if he was so advised, where the elements essential to constitute a valid waiver are not clearly shown. *See Fowler v. State,* 6 Md. App. 651; *Rock v. State,* 6 Md. App. 618; *Mulligan v. State,* 6 Md. App. 600; *Hale v. State,* 5 Md. App. 326; *Duckett v. State,* 3 Md. App. 563.

Appellant was arrested on June 3, 1966 for the rape and murder of Judith Jones, a nine year old child. He was thereafter subjected to a period of custodial police interrogation, as a result of which he made a statement on June 5, 1966 indicating his guilt of the crimes for which he was arrested. While, immediately after making the statement, appellant repudiated it, he was nevertheless indicted on June 14, 1966, one day after the *Miranda* case was decided. The principles of *Miranda* being applicable to appellant's case, he moved to suppress his statement on the ground that it had been secured in violation of the precepts of that decision in that he had never been warned of his rights to remain silent and to counsel.

A number of evidentiary hearings were held before Judge Meyer M. Cardin on appellant's motion to suppress, such hearings extending over a five month period. On November 3, 1967, Judge Cardin ruled that appellant had waived his *Miranda* rights because the evidence showed that he had indicated, in the presence of the po-

lice, that he did not want counsel to represent him. Judge Cardin's ruling was reached despite the fact that appellant was never fully warned of the extent of his right to counsel, including the admonition that if he was indigent, a lawyer would be appointed to represent him. And it was reached in the face of our decision in *Robinson v. State,* 1 Md. App. 522, decided July 24, 1967, holding that it was prejudicial error to permit a pre-*Miranda* confession to be introduced in evidence over objection in a post-*Miranda* trial where the accused had not been advised of his right to counsel, if indigent.

The case came on for trial before Judge Harry Cole sitting without a jury on August 19, 1968. In opening statements, the prosecution indicated that the appellant's confession was of paramount importance to its case. Judge Cole stated that he was sitting as a jury; that he deemed himself bound by Judge Cardin's determination that the confession was voluntarily made and hence admissible in evidence; and that his function as trier of fact was to determine whether the confession should be believed. In its case-in-chief, the prosecution introduced extensive testimony in an effort to show that the appellant's confession was voluntarily made, apparently because it realized that the circumstances under which the confession was taken would affect the weight given to it by the trier of fact. *See Cleveland v. State,* 8 Md. App. 204. In this connection, the State's evidence indicated, as it did at the hearings on the motion to suppress, that appellant had not been given the full panoply of *Miranda* warnings to which he was entitled; and more particularly that he had not been told of his right to consult with a lawyer and to have him present during the interrogation, *see Rock v. State, supra; Hale v. State, supra; Duckett v. State, supra;* and that if indigent, counsel would be appointed to represent him, *see Mulligan v. State, supra* and *Robinson v. State, supra.* Nor does the record indicate that appellant was told of his right to remain silent, although it does appear that he was told that he need not make any statement to the police. There was conflict-

ing evidence concerning threats made to the appellant prior to his making the statement.

When the statement was offered in evidence by the State, the appellant again objected to it. The court overruled the objection, stating that it was bound by Judge Cardin's earlier ruling that the statement was admissible. The statement was then received in evidence and read to the trial judge. At the close of all the evidence, appellant moved for a judgment of acquittal. The motion was overruled, the trial judge stating that as the confession was properly in evidence, the State had made out a *prima facie* case of appellant's guilt.

After hearing argument at the conclusion of the case, the trial judge indicated for the first time that he did not think the confession was properly admissible in evidence under *Miranda v. Arizona, supra,* because appellant had not been sufficiently warned of his rights under that decision. The trial judge further stated that the circumstances of appellant's interrogation by the police were such as "smacks of suspicion;" that the police officers contradicted each other on material points; and that there was some evidence of coercion. The trial judge ultimately concluded "as a fact that the circumstances preceding the taking of the statement and the conduct of the police during the interview make said statement unreliable and untrustworthy as being the free and voluntary act of the defendant." The court then said it would "completely disregard said statement and give no weight to it in reaching a verdict." It found appellant guilty of the crimes based on the other evidence in the case, and imposed a life sentence.

Appellant's statement tended to show in intimate detail his involvement in the murder and rape of Judith Jones. Apart from the confession, the other evidence of appellant's criminal agency was circumstantial. It showed that the deceased was the daughter of Faithy Jones, a woman whom appellant had been seeing for some months prior to the crime. Four days before Judith's death, appellant was found in a drunken condition on the ground

floor of the apartment house in which Mrs. Jones resided on the third floor with her daughter. It appeared that appellant had at that time climbed the fire escape, entered through the window of the third floor landing, and broken the panels of the door to the Jones apartment. Not finding Mrs. Jones present at that time, he waited for her on the first floor. While they stayed together that night, Mrs. Jones never thereafter saw appellant. At 3:00 a.m. on May 30, 1966, Mrs. Jones returned to her apartment and discovered that her apartment door had again been broken in much the same manner as it had been broken on May 26. It was then she discovered that Judith had been assaulted in her bed. A police officer observed appellant on the street near the Jones apartment at 3:15 a.m. He saw appellant enter a white Chevrolet and drive off. The evidence showed that appellant went to Virginia where, several days thereafter, he surrendered himself to authorities upon learning that the police were looking for him.

It is axiomatic that the constitutional rights of a person accused of crime are violated if his conviction is based, in whole or in part, on an involuntary confession, regardless of its truth or falsity, and even though there is ample evidence aside from the confession to support the conviction. *Miranda v. Arizona, supra,* at page 464 (footnote 33) ; *Jackson v. Denno,* 378 U. S. 368. In *Mulligan v. State, supra,* we flatly held that a statement obtained in violation of *Miranda* is *per se* to be excluded from evidence and the State not afforded an opportunity to show that the admission of the statement was harmless error.

In *Barnhart v. State,* 5 Md. App. 222, 226-227, we held that if a confession heard by a jury was later declared by the court to be inadmissible, and the jury admonished not to consider it as part of the evidence in the case, the jury's knowledge of the confession was nevertheless such as was apt to unduly influence its deliberations to the extent of depriving the defendant of a fair and impartial trial. Despite the fact that unlike *Barnhart* Judge Cole

was sitting without a jury, and expressly stated that he would not consider appellant's confession in determining guilt, we think the facts of this case are such that the mere knowledge of the substance of the confession by the trier of fact necessarily tended to deprive appellant of his constitutional right to a fair trial. Elementary fairness dictates that the State reap no benefit, however indirect it may appear, from the gross error it committed in placing such an obviously involuntary confession before the fact-finder. A new trial at which the confession will not be admitted is, we think, imperatively mandated under the facts of this case.

We find no merit in appellant's contention that he was denied his constitutional right to a speedy trial. While it took over two years from the time of his indictment to bring his case to trial, the record indicates that much of the delay was fairly accountable to hearing and deciding the merits of appellant's motion to suppress, his motion for a change of venue, and his appeal to this court from the denial of his motion for a speedy trial — the latter two of which he eventually withdrew. No prejudice is alleged or shown by the delay. We are satisfied that appellant's constitutional right to a speedy trial was not violated within the rationale of our decisions. *See Wilson v. State,* 8 Md. App. 299; *Stevenson v. State,* 4 Md. App. 1.

> *Judgments reversed; case remanded for a new trial.*