ISAAC JUNIOR LYNCH *v.* STATE
OF MARYLAND

[No. 339, September Term, 1969.]

*Decided May 12, 1970.*

442

The cause was submitted to MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Charles L. Williams* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Howard L. Cardin, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

Isaac Junior Lynch (appellant) tried by the court in the Criminal Court of Baltimore was found guilty of murder in the first degree and burning a storehouse. A

life sentence was imposed on the murder conviction and, consecutively therewith, a sentence of 10 years on the storehouse burning conviction.[1]

The questions presented on appeal go to the admissibility of confessions of appellant, to the sufficiency of the evidence and to the merger of offenses.

## THE CONFESSIONS

### (1)

Appellant, invoking *Jackson v. Denno,* 378 U. S. 368 and *Sims v. Georgia,* 385 U. S. 538, claims that the judgments must be reversed because, he baldly states, the trial court made no preliminary finding that the confessions introduced were voluntary. In *Murphy v. State,* 8 Md. App. 430, 437 we found that under *Jackson* it was incumbent for the trial court to make a preliminary finding of voluntariness before admitting a confession in evidence,[2] and that under *Sims* the finding must appear from the record with unmistakable clarity.[3] Contrary to appellant's bald allegation we find that the record here shows with unmistakable clarity that the trial court found preliminarily that the confessions were voluntary. Although it may be better for the trial court to so state in express terms, despite the failure of the court here to do so, the record shows with the required clarity that it made a *prima facie* determination that the confessions were voluntary. It overruled objections to the admission of the confessions by giving as reasons for its ruling that it believed the testimony of police officers on the issue, and did not believe appellant's testimony that he had been beaten and requested an attorney, and by finding as a fact that appellant signed the statements and the expla-

---

1. The transcript of the proceedings so shows. The docket entries state that the sentence on the second conviction was to run "concurrent" with the sentence on the murder conviction.

2. We consider the rule applicable to both jury and non-jury cases. *Id.* note 6, at 437.

3. We pointed out that the failure of the record to reflect the finding as required does not necessarily compel reversal of the judgment, setting out the alternatives. *Id.* at 437-438.

nation of rights forms. In denying a motion for a new trial, the court observed that it had ruled that the confessions were "taken under circumstances complying with the *Miranda* decision and other court decisions dealing with voluntariness and fairness with respect to advice as to rights."

(2)

Appellant testified in his own behalf on the issue of voluntariness of the confessions. He denied that he signed the confessions. After cross-examination of him the court was asked by defense counsel if it had any questions. The court said, "I would like some samples of the defendant's signature; if someone would give him a pad." Appellant signed his name seven times on a yellow pad and the signatures were admitted as court's exhibit no. 1, without objection. On further cross-examination by the State appellant produced two selective service cards and a social security card, each bearing his signature and they were admitted without objection. The receipt for a copy of the indictment, signed by appellant, was admitted without objection. The court made clear that it was going to compare the signatures on the confessions and explanation of rights forms with the signatures of appellant obtained in court and appearing on the cards and receipt. No objection was made. The answer to appellant's contention that this was error is that neither the obtaining of appellant's signature nor the comparison of the signatures was challenged below. As the point was not tried and decided below, it is not properly before us. Maryland Rule 1085.

(3)

As best we can understand, appellant does not claim that he was not given the warnings required by *Miranda v. Arizona*, 384 U. S. 436 but urges that he did not waive them. There was evidence adduced by the State that appellant signed an Explanation of Rights form on 24 April 1968. This form states: "I have been advised by Lt. James J. Cadden of my rights and I understand: * * *." The *Miranda* rights are therein expressly set out. He

then consented to give a statement and did so. It was reduced to writing and signed. The next day he was again given the full panoply of his rights, again signed an Explanation of Rights form and gave an additional statement which was reduced to writing and signed. We cannot say that the trial court's judgment on this evidence that appellant waived his rights was clearly erroneous. See *Jones v. State,* 8 Md. App. 405, 411; *Brown v. State,* 3 Md. App. 313, 320.

## THE SUFFICIENCY OF THE EVIDENCE

Code, Art. 27, § 409 provides *inter alia*: "All murder which shall be committed in the burning or attempting to burn any * * * warehouse or other outhouse, not a parcel of any dwelling house, having therein any * * * goods, wares, or merchandise, shall be murder in the first degree." Under this statute it is not necessary that a killing be proved to be wilful, deliberate and premeditated to elevate it to murder in the first degree. See *Lindsay v. State,* 8 Md. App. 100; *Wiggins v. State,* 8 Md. App. 598. As it seems that appellant's sole contention on this point is that it does, his contention is without merit. We note that the evidence was sufficient for the trial court to find that the murder charged was committed in the burning of a warehouse within the contemplation of § 409.

Appellant refers only to Code, Art. 27, § 408. That section provides: "All murder which shall be committed in the perpetration of, or attempt to perpetrate any arson, shall be murder in the first degree." By Code, Art. 27, § 6[4] any person who wilfully and maliciously sets fire or burns any dwelling house or any kitchen, shop, barn, stable, or other outhouse *that is a parcel thereof, or belonging to or adjoining thereto,* shall be guilty of arson. Section 7 proscribes the burning of a building not a parcel of a dwelling but does not designate the offense as "arson." Thus it is only buildings designated in § 6 that

---

4. See Acts 1969, ch. 514, repealing and reenacting Art. 27, §§ 6-11, the effect of the amendments being, in general, to increase the maximum penalties authorized for the respective offenses proscribed.

are contemplated in § 408. Section 409 expressly designates therein the buildings which are within its ambit.

## MERGER

Appellant claims that under the doctrine of merger followed in this State, upon the conviction of murder in the first degree, the offense of burning a storehouse merged therein because the murder was in the first degree only because committed during the commission of the burning. We apply the rationale of *Parker v. State,* 7 Md. App. 167, 199 and hold that here there was no merger. Murder in the first degree is not a crime as such but a classification of the crime of murder. Murder and the burning of a storehouse are separate and distinct offenses. That the status of a first degree classification may be attained by proof that the murder was committed during the commission of a burning of a storehouse does not make the burning an essential element of murder and it follows that murder does not necessarily involve the burning.

## THE SENTENCES

As pointed out in footnote 1 *supra,* the docket entries read that the sentence upon the burning conviction was to run concurrently with the sentence imposed on the murder conviction. The transcript clearly shows that the sentences were imposed to run consecutively. The case is remanded with direction to correct the docket entries.

> *Judgments affirmed; case remanded for further proceedings in accordance with this opinion.*