507 A.2d 197

**Richard Maurice HOLMES**

**v.**

**STATE of Maryland.**

**No. 964, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

April 8, 1986.

José Felipé Anderson, Asst. Public Defender (Alan H. Murrell, Public Defender on the brief), Baltimore, for appellant.

Ronald M. Levitan, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Baltimore, Warren B. Duckett, Jr., State's Atty. for Anne Arundel County and Frederick Paone, Asst. State's Atty. for Anne Arundel County on the brief, Annapolis, for appellee.

Submitted before MOYLAN, WEANT and GARRITY, JJ.

MOYLAN, Judge.

The appellant, Richard Maurice Holmes, was convicted by an Anne Arundel County jury of robbery with a deadly weapon and related offenses. Upon this appeal, he raises three contentions:

1) That the trial court erroneously placed upon him the burden of going forward with evidence at the hearing to suppress a challenged confession;

2) That the trial court erroneously admitted irrelevant, immaterial, and prejudicial matters into evidence; and

3) That the trial court erroneously denied his motion for a new trial.

We agree with the appellant as to his first contention. The appellant challenged the admissibility of several inculpatory statements which the State was preparing to offer against him. At the suppression hearing, the question arose as to whether the appellant or the State had the burden of going forward with evidence. Although the trial judge's ruling speaks for itself, the reasoning behind that ruling can be more fully understood from the entire colloquy among defense counsel, prosecuting attorney, and judge:

"Mr. Friedman: Your Honor, in regard to the statement, I know the Court's previous position on these matters had been that the defense bears the burden of proof in all suppression motions. I would suggest to the Court that, in connection with this statement, this is a statement in which there is no written version of the statement nor any, to my knowledge, written acknowledgement of rights and waiver of rights by the Defendant.

Under those circumstances, particularly, and I believe in general in fact in connection with statements, that the State bears the burden of proof to show that the statement was voluntary. I'd cite to the Court, *Lego v. Twomey*, at 404 U.S. 477 [92 S.Ct. 619, 30 L.Ed.2d 618 (1972)], and *Gill v. State*, at 265 Md. 350 [289 A.2d 575 (1972)].

Court: Wait a minute, you go too fast for me. *Gill v. State*, what's the cite?

Mr. Friedman: 265 Md. 350 [289 A.2d 575].

Court: What's it say in that case?

Mr. Friedman: The citation that I referred to, I haven't read the full cases, it's my understanding that those cases suggest that the State bears the burden of proof on the voluntariness of the statement.

Mr. Paone: I agree with that, Your Honor, but I—it's the State's position that the Defendant bears the burden, nevertheless, of going forward. It's the same standard, but he made the Motion, he has to go forward and it's true, it is up to me ultimately to show that it's voluntary, but he has to show that there's something on which the Court could say it wasn't voluntary. And once he does that—

Mr. Friedman: I—I don't believe that to be the law, Your Honor. In fact, I think it's quite to the contrary. Citing *Smith v. State*, the Court of Appeals has said that before a confession can be admitted in evidence, the State must show to the satisfaction of the Court that it was free and a voluntary act of the accused and that there was no force or coercion and so forth.

> So, I think that both the burden of persuasion, the burden of going forth with the evidence, and the ultimate burden of proof, burden of persuasion both rest with the State, despite the fact that it's the Defendant's Motion. Of course, it's the Defendant's Motion. The State isn't going to move to suppress, and I think that at least as to the voluntariness of this statement, particularly under the circumstances of this case, that the State bears the burden of both going forward with the evidence and, of course, the ultimate burden of proof.

> Court: Well, I'm going to deny your request to require the State to go forward. The Court considers it your Motion, Defendant's Motion. Defendant may proceed."

■ Following a timely challenge to the admissibility of a confession, the State indisputably bears the burden of proving by a preponderance of the evidence that the confession was voluntary. This includes, by definition, the allocation of the burden of going forward with the evidence. If the appellant here had steadfastly refused to go forward and the State, relying upon the judge's ruling, had rested upon its oars, the suppression hearing judge would have been confronted with a classic nothing-to-nothing tie. In a nothing-to-nothing tie scenario, there is no way that the State could be deemed to have carried its burden of persuasion. Absent some presumption of voluntariness (which does not exist), the allocation of the burden of persuasion incorporates the burden of production.

In *Kidd v. State*, 33 Md.App. 445, 366 A.2d 761 (1976), *aff'd* 281 Md. 32, 375 A.2d 1105, *cert. denied*, 434 U.S. 1002, 98 S.Ct. 646, 54 L.Ed.2d 498 (1977), we set out, at 33 Md.App. 455–466, in catechism form, the procedural questions and answers bearing upon the admissibility of a confession:

> "1. *Must the Defendant Interpose an Objection?—Yes.*"

33 Md.App. at 456, 366 A.2d 761

.    .    .    .    .

"2. *Is a Bare Objection Enough?—Yes.*"
33 Md.App. at 456–457, 366 A.2d 761

.    .    .    .    .

"3. *Are a Hearing and a Judicial Ruling Required?—Yes.*"
33 Md.App. at 457–459, 366 A.2d 761

.    .    .    .    .

"4. *What is the Constitutional Test?—Voluntariness.*"
33 Md.App. at 459–465, 366 A.2d 761

.    .    .    .    .

"5. *What is the Burden of Proof?—A Preponderance of the Evidence.*"
33 Md.App. at 465, 366 A.2d 761

.    .    .    .    .

"6. *To Whom is the Burden Allocated?—The State.*"
33 Md.App. at 465–466, 366 A.2d 761

In this catechism, it is the sixth "Question and Answer" that is squarely dispositive of the issue now before us. Our statement as to the allocation was unequivocal, at 33 Md. App. 465, 366 A.2d 761, "[I]t is and always has been clear that the burden of proving voluntariness is allocated to the State." We quoted from *Nicholson v. State*, 38 Md. 140, 153 (1873):

"The law is also well settled that the *onus* is upon the prosecutor, to show affirmatively, that the confession proposed to be offered was not made in consequence of an improper inducement." (Emphasis in original).

The Court of Appeals again stated, in *Peters and Demby v. State*, 187 Md. 7, 14, 48 A.2d 586 (1946):

"The burden of proof is, of course, upon the State to show that any confession is freely and voluntarily made, and is not obtained by threats or inducements."

In *Jones v. State,* 188 Md. 263, 270, 52 A.2d 484 (1947), the Court of Appeals restated the allocation of the burden:

"In Maryland the burden of proof is on the State to show affirmatively that a confession was freely and voluntarily made, and was not obtained by any improper inducements. *Hammond v. State,* 174 Md. 347, 198 A. 704 [ (1938) ]; *Wright v. State,* 177 Md. 230, 9 A.2d 253 [ (1939) ]; *Taylor v. State,* 187 Md. 306, 49 A.2d 787 [ (1946) ]."

*See also, Robinson v. State,* 3 Md.App. 666, 670–671, 240 A.2d 638 (1968); *Wiggins v. State,* 4 Md.App. 95, 105, 241 A.2d 424 (1968); *Barnhart v. State,* 5 Md.App. 222, 224, 246 A.2d 280 (1968); *Edwards v. State,* 7 Md.App. 108, 113, 253 A.2d 764 (1969); *Murphy v. State,* 8 Md.App. 430, 434, 260 A.2d 357 (1970).

The Supreme Court spoke to the same effect in *Lego v. Twomey,* 404 U.S. 477, 489, 92 S.Ct. 619, 626–27, 30 L.Ed.2d 618 (1972):

"To reiterate what we said in *Jackson* [*v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) ]: when a confession challenged as involuntary is sought to be used against a criminal defendant at his trial, he is entitled to a reliable and clear-cut determination that the confession was in fact voluntarily rendered. Thus, *the prosecution must prove* at least by a preponderance of the evidence that the confession was voluntary." (Emphasis supplied)

■ Since there is no Thayer-Wigmore presumption of voluntariness, there is no initial burden cast upon a defendant to generate a genuine jury issue with respect to involuntariness. The mere raising of an objection to the admissibility of a statement *ipso facto* generates an issue as to voluntariness. On that issue, the State bears both the burden of production and the burden of ultimate persuasion. The erroneous allocation of the burden of production to the appellant in this case was error.

■ The error, however, was demonstrably harmless. Although it was not rightfully his, the appellant shouldered

his burden of production and got the issue of voluntariness before the court. In the course of putting on his case as to involuntariness, the appellant produced nothing that worked, then or later, to his detriment. The only prejudice he suffered is that he had to work a little harder to get the issue before the court than he rightfully should have. The State proceeded to produce, in turn, its evidence as to voluntariness. Both sides fully aired the issue. The trial judge, applying the proper standard of persuasion properly allocated to the State, ruled that the statement was admissible. In the last analysis, all the appellant suffered was a little inconvenience. We are persuaded beyond a reasonable doubt that the technical misallocation of the burden of production did not remotely alter the result in this case. For that reason, we go on to deal with the appellant's two remaining contentions.

■ One of them is that the trial judge, in three separate regards, admitted evidence that was "immaterial, irrelevant, and prejudicial." The painfully skimpy analysis in the appellant's brief on the issue of relevancy charges, "None of the inquiries has any tendency to establish the appellant committed the crimes charged." Without going further as to the possible relevancy of the three inquiries, it is enough to note that the details they elicited were largely descriptive in providing a narrative context. From whichever side of the trial table they are viewed, they were fundamentally trivial. Because we agree with the appellant that they did not have "any tendency to establish the appellant committed the crimes charged," we find them to be, thereby, non-prejudicial. There was certainly no abuse of that wide-ranging discretion vested in the trial judge in deciding the admissibility of evidence.

■ The appellant's final contention is that the trial judge denied the appellant's motion for a new trial. At the hearing, the appellant proffered that a codefendant who had pleaded guilty to the robbery had stated "on the record" that the appellant was not involved. Noting that

**252**

the appellant had not diligently followed up his professed intention of having that codefendant take a polygraph test, the trial judge further noted that it is not unusual for a codefendant, facing a long sentence, to try to exonerate a friend. In any event, and applying the factors enunciated by this Court in *Jones v. State,* 16 Md.App. 472, 477, 298 A.2d 483 (1973), the trial judge was not persuaded that a new trial was called for. There is nothing before us to persuade us that this represented an abuse of that wide discretion vested in the trial judge in this regard. *State v. Devers and Webster,* 260 Md. 360, 376, 272 A.2d 794, *cert. denied,* 404 U.S. 824, 92 S.Ct. 50, 30 L.Ed.2d 52 (1971).

JUDGMENTS AFFIRMED; COSTS TO BE PAID BY APPELLANT.