## WILLIAM DOUGLAS EDWARDS *v.* STATE OF MARYLAND

[No. 348, September Term, 1968.]

*Decided May 28, 1969.*

The cause was submitted to MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*James F. Garrity* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Donald C. Cole, Jr., State's Attorney for Cecil County,* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

Appellant was found guilty generally by a jury in the Circuit Court for Cecil County upon a two-count criminal information charging him with the grand larceny and unauthorized use of a motor vehicle. He was sentenced by the court to six years under the jurisdiction of the Department of Correction. On this appeal, he contends (a) that the photographs of illegally seized items were improperly admitted in evidence, (b) that the State failed to produce any evidence before the jury showing that his oral confession was voluntary, (c) that a written confession of an alleged accomplice was improperly admitted in evidence against him in violation of *Bruton v. United States,* 391 U. S. 123, and (d) that the State failed to prove that he did not have permission to take and use the allegedly stolen automobile.

There was evidence adduced at the trial from which the jury could find that Joseph McCummings's 1966 Chevelle automobile was discovered missing from his home in Maryland; that he notified the State Police in nearby Pennsylvania of the disappearance of his car; that on the following morning, Pennsylvania State Trooper Charles Zagorskie received a telephone call informing him that McCummings's car might be found in a quarry in Pennsylvania on the property of Joseph Burke; that the trooper secured Burke's permission to go on to the property and, although he could not locate the missing vehicle in the flooded quarry, he found, in a barn on the Burke property, various automobile parts, including a transmission bearing the last seven digits of the serial number of McCummings's vehicle; that he confronted the

Burke family with his findings, arrested the son, Granville Burke, and took him to the police barracks in Pennsylvania where he gave a written statement admitting that he and appellant had stolen the Chevelle from in front of McCummings's home and had taken the motor from the vehicle to appellant's home for installation in his car.

Trooper Zagorskie testified that he obtained three Pennsylvania warrants—one for appellant's arrest, and two search warrants, one for appellant's Pennsylvania residence and the other to search his 1955 Chevrolet. While undertaking to execute the warrants, the trooper observed appellant's Chevrolet in a garage attached to his residence and upon looking at the car, the trooper observed that the motor in the car was being "worked on." The officer, though unable to detect any numbers on the motor identifying it as having come from the stolen automobile, arrested the appellant and took him to the police barracks in Pennsylvania where he orally admitted that he and Burke had stolen the McCummings's Chevelle, stripped it of its usable parts, and had taken the motor and installed it in his own Chevrolet. At the time of appellant's arrest, there was no search and nothing was seized. Subsequently, after appellant confessed, he gave the police permission to tow his Chevrolet to the police station. The police also secured the permission of appellant's mother to take appellant's car. At the police station, the car and its motor were photographed and these photographs were admitted in evidence at the trial over his objection.

I

The substance of the aforegoing evidence having been adduced at the hearing (out of the jury's presence) on the pretrial motion to suppress the photographs, the court ruled that appellant had consented to the seizure of his automobile and, consequently, the photographs thereof were properly admissible in evidence. As the court's determination in this respect is clearly supported by the record, we need not consider the legality, *vel non*, of ap-

pellant's arrest or of either the search or arrest warrants. Under both Pennsylvania and Maryland law, a warrantless search and seizure is valid where a proper consent is obtained. See *Commonwealth v. Rundle,* 216 A. 2d 57 (Pa.); *Simms v. State,* 4 Md. App. 160. We think the consent given under the facts of this case constituted a valid consent and not simply an acquiescence to a claim of lawful authority, as in *Bumper v. North Carolina,* 391 U. S. 543. We, therefore, conclude that the seizure of appellant's car was lawful and that the photographs subsequently taken were properly admitted in evidence.[1]

## II

Appellant contends that the State failed to produce any evidence before the jury showing that his confession was voluntarily given. The record discloses that at the pretrial hearing on voluntariness held out of the presence of the jury, the State produced testimony from which the trial judge could properly find that the statement was voluntarily obtained. While the State did not produce the

---

1. The State failed to comply with appellant's demand that the search warrant for his car and/or the arrest warrant be introduced in evidence. But that failure would not of itself mean that the arrest was unlawful or that the seizure of the car was similarly unlawful. As indicated, the post-arrest seizure of the car was not sought to be justified under authority of the search warrant. And while the legality of appellant's arrest must be determined by the law of Pennsylvania, the jurisdiction in which made, *Berigan v. State,* 2 Md. App. 666, we think that under the law of that State, as in Maryland, a police officer may make an arrest without a warrant where he has reasonable grounds or probable cause to believe at the time of the arrest that a felony has been committed and that the person arrested has committed the offense. See *Commonwealth v. Negri,* 198 A. 2d 595 (Pa.). By statute—18 Penna. Stat. Ann. 4817 (Purdon 1963)—receiving stolen property is a felony in Pennsylvania. In light of Burke's confession implicating appellant, the arresting officer, under Maryland law, would have had probable cause to arrest the appellant. See *Boone v. State,* 2 Md. App. 80. The fact then that the State failed to produce the warrant allegedly outstanding for appellant's arrest would not make his arrest unlawful under Maryland law where, as here, there was probable cause to arrest for a felony without a warrant. See *Duckett v. State,* 3 Md. App. 563. We need not decide, however, whether Pennsylvania law parallels the Maryland law in this respect, since the legality of the arrest is not material under the circumstances.

same evidence before the jury, as is customarily done, it did produce some evidence, *albeit* in disjointed fashion, showing that appellant had been advised of his rights under *Miranda v. Arizona*, 384 U. S. 436, and had waived them. Of course, when a confession is challenged, the State is additionally required to adduce proof of traditional voluntariness, *viz.*, that the statement was not obtained by force, violence, threats, inducements or promises. But here, the appellant made no objection to the introduction of the statement before the jury and it is possible that he intended at that juncture of the case to abandon his attack on the voluntariness of his statement. In any event, having failed to object, the matter is not properly before us for review. *Bitzer v. State*, 4 Md. App. 415; *Kleinbart v. State*, 2 Md. App. 183; Maryland Rule 1085.

### III

Relying upon *Bruton v. United States, supra,* appellant contends that it was error to admit Burke's confession in evidence, since he was unable to confront and cross-examine him at the trial with respect to the truth of the statement's content. It is, of course, clear from the holding in *Bruton* that in a joint trial before a jury the introduction of an extrajudicial statement of one defendant (who did not testify) which implicated his codefendant is a violation of the latter's Sixth Amendment right to confront and cross-examine the witness against him. See *Lipscomb v. State*, 5 Md. App. 500; *Smithson v. State*, 5 Md. App. 378. But appellant not only made no objection to the statement, he actually moved its introduction into evidence. Under these circumstances, and bearing in mind that this case was tried a number of months after the decision in *Bruton*, we think the trial court did not err in permitting the statement in evidence.

### IV

Finally, appellant contends that the State failed to prove the *corpus delicti* of both larceny and unauthorized use of the automobile by failing to show lack of permissive use. We find this contention to be devoid of merit.

The evidence at the trial showed that the Chevelle was taken from the McCummings' home and reported "stolen" to the police; that the car was stripped and pushed into a quarry by appellant and Burke; and that the motor was placed in appellant's car. We think these facts sufficiently show that the McCummings' Chevelle was taken without permission and with intent to deprive the owner permanently of its use.

A general verdict of guilty on two inconsistent counts is, of course, defective and the defendant has the right to require the trier of facts to specify on which of the counts he is guilty. The right may, however, be waived where, as here, the matter was not raised below or on appeal. See *Fladung v. State*, 4 Md. App. 664. Assuming then that the counts of the indictment charging the grand larceny and unauthorized use of the McCummings' vehicle are inconsistent, nevertheless, since the sentence imposed was less than the maximum which could have been imposed under the larceny conviction, no prejudice has resulted to the appellant by the sentence under the general verdict. See *Boone v. State, supra*.

*Judgment affirmed.*