## DONALD IVANT McCARSON *v.* STATE OF MARYLAND

[No. 19, September Term, 1969.]

*Decided October 15, 1969.*

The cause was argued before MURPHY, C.J., and AN-DERSON, MORTON, ORTH, and THOMPSON, JJ.

*James F. Garrity* for appellant.

*T. Joseph Touhey, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Donaldson C. Cole, Jr., State's Attorney for Cecil County,* and *Julius A. Jodlbauer, Assistant State's Attorney for Cecil County,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

The appellant urges that his convictions of larceny of an automobile and unauthorized use of the automobile [1]

---

1. The appellant came to trial before a jury in the Circuit Court for Cecil County upon an indictment charging by the first count the larceny of an automobile as proscribed by Md. Code, Art. 27, § 348 and by the second count the unauthorized use of the same automobile as proscribed by § 349. The case went to the jury on both counts, motion for judgment of acquittal as to each count being denied. Instructing the jury as to possible verdicts, the court said with regard to a general verdict: "[Y]our verdict may be a general verdict of guilty. In other words, if you come in and you just said, 'Guilty,' the second count, which is the lesser count, would merge then into the first count and that would be that." The jury returned a general verdict of guilty and a general sentence of 4 years was imposed. We point out that the doctrine of merger is not applicable. See *Chittum v. State,* 1

be set aside because an oral statement obtained during a custodial interrogation of him was not shown to have been voluntarily made.

As in *Edwards v. State,* 7 Md. App. 108, the record here discloses that out of the presence of the jury the State produced evidence from which the trial judge could properly find that the statement was voluntarily obtained but did not produce the same evidence before the jury, as is customarily done. It produced evidence before the jury sufficient to show that the appellant had been advised of his rights under *Miranda v. Arizona,* 384 U. S. 436, and had waived them but adduced no evidence as to traditional voluntariness, that is that the statement was not obtained by force, violence, threats, inducements, or promises. Here, as in *Edwards,* the appellant made no objection to the introduction of the statement before the jury. We held in *Edwards,* at 113, that having failed to object, the matter was not properly before us for review. *Edwards* is dispositive of the question. We note that the appellant here produced no evidence on the issue of voluntariness and did not contradict or refute the evidence thereon adduced by the State, either before the court, with respect to the preliminary decision to be made by the judge, see *Jackson v. Denno,* 378 U. S. 368, or before the jury. He made no request for instructions on the issue and none were given.

The appellant also contends that the court erred in announcing its preliminary decision in the presence of the jury, in that by so doing it usurped a function of the jury. At the close of the evidence received out of the

---

Md. App. 205, note 1 at 212. Rather a conviction of larceny of an automobile is inconsistent with a conviction of unauthorized use of that automobile. An element of larceny of an automobile is the intent to deprive the owner of his property permanently while as to unauthorized use the intent is to deprive the owner of his custody or use of his property temporarily without intent to steal it. *Anderson v. State,* 3 Md. App. 85; *Johnson v. State,* 2 Md. App. 486. It is patent that an automobile cannot be taken with the intent both to steal it and not to steal it. As the point was not raised below or on appeal and as the general sentence was within that authorized for either offense, we do not further consider the question. See *Price v. State,* 3 Md. App. 155.

presence of the jury, the judge announced his decision in the jury's presence. The transcript reads:

> "(The jury returned to the jury box, and the following transpired in the presence of the jury:)
> THE COURT: I will rule the statement is voluntary and admissible. Of course, you have your exception.
> MR. WILSON (defense counsel) : Yes, sir."

In the circumstances, considering the appellant's failure to contradict or refute the evidence that the confession was voluntary, to object to its admission and to request instructions on the issue, we see no prejudicial error requiring reversal. The instant case is readily distinguishable on the facts from *Barnhart v. State,* 5 Md. App. 222, where the judge, after hearing evidence without the jury, indicated to the jury that he had found the confession voluntary beyond a reasonable doubt, and told the jury in admitting the confession after the evidence was received in their presence that it was his opinion that the testimony showed "conclusively that it was freely and voluntarily given." [2] We note that no objection was made to the action of the trial court in announcing its preliminary decision in the presence of the jury or to the use of the word "voluntary." We believe that the exception granted by the court went only to its finding and was so considered by defense counsel. Thus the point now raised, not having been tried and decided below, may be deemed to be not properly before us. Md. Rule 1085.

We think it advisable to point out that if the decision of the trial judge is that a statement was involuntary, his finding should be announced out of the presence of the

2. The duty of the trial judge as to his preliminary decision is to decide whether the *prima facie* proof is such as to establish that the statement was freely and voluntarily given. *Ralph v. State,* 226 Md. 480, 487; *Smith v. State,* 189 Md. 596, 603. The jury, to consider a confession admitted in evidence in arriving at their verdict of guilt or innocence, must find beyond a reasonable doubt that it was voluntary. *Barnhart v. State, supra,* at 225.

jury. This decision precludes the State from using the statement; it may not be submitted to the jury and the jury has no function with regard to it. And we think it preferable, as a general rule, if the decision of the trial judge is that the statement is voluntary, that he announce this finding out of the presence of the jury. When the statement is offered by the State in the presence of the jury, the judge can then simply rule on objection made.

*Judgments affirmed.*