ALBERT DARRELL JONES *v.* STATE
OF MARYLAND

[No. 455, September Term, 1969.]

*Decided May 13, 1970.*

**456**

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Robert V. Lazzaro* and *Jack E. Richards* for appellant.

*T. Joseph Touhey, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Joseph Harlan, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

Albert Darrell Jones (appellant) was found guilty of robbery by a jury in the Criminal Court of Baltimore. He claims that two judicial identifications of him were so tainted by a pretrial confrontation of him by the identifying witness as to render the judicial identifications inadmissible; he questions the procedure followed in the lower court with respect to the identification evidence; he urges that he was prejudiced by remarks of the trial judge; and he contends that the evidence was not sufficient to sustain the conviction.

*The Admissibility of the Judicial Identification*

Prior to trial, upon a full evidentiary hearing, the lower court denied appellant's motion to exclude evidence of identification.[1] The victim of the robbery and an eye-

---

1. The motion was to "exclude and/or suppress all judicial,

witness to the crime each made a positive in-court identification of appellant as the robber. The question of the admissibility of this evidence is not before us because it came in without objection made when it was offered. We pointed out in *Smith and Samuels v. State,* 6 Md. App. 59, 67-68, that evidence of identity of a defendant may be challenged by a motion to exclude or suppress such evidence made before or during trial or by an objection to the evidence when it is offered. Maryland Rules 725, 522. But this does not mean that because a motion to exclude or suppress such evidence is denied, the objection to the evidence is preserved on appeal. Further objection must be made to the introduction of the evidence at the trial on the general issue as required by Rule 522 d 2. Under the dictates of that Rule objection must be made at the time such evidence is offered, or as soon thereafter as the objection to its admissibility shall have become apparent. Otherwise objection shall be treated as waived.[2] As no objection was made by appellant when the in-court identifications were offered, or thereafter, objection to such evidence was waived, and the question of their admissibility is not before us.

---

extra-judicial, or any other type of identification made, by any witnesses, which was made without counsel of the Defendant being present at the time of the making of such identification." We note that the evidence at the pretrial hearing established that no identification of appellant was made by any witness in the absence of counsel. The two witnesses whose judicial identifications are now challenged made no identification of appellant at a lineup they attended nor did they make an identification from photographs they viewed. Each, however, identified him at a preliminary hearing, at which appellant's counsel was present, and at the trial.

2. Evidence of identification is so distinguished from evidence alleged to have been obtained by an unlawful search and seizure. By the express provisions of Rule 729 f, if a motion to exclude or suppress evidence alleged to have been obtained by an unlawful search or seizure is denied, the objection to the evidence sought to be suppressed or excluded is preserved on appeal even though no further objection was made to the introduction of such evidence at the trial. There is no comparable rule with respect to evidence of identification.

We point out that the requirements of Rule 522 d 2 apply also to confessions. Even though the court determines preliminarily that a confession is admissible, objection must be made when it is offered before the trier of fact in order to preserve the question of its admissibility on appeal. *Edwards v. State,* 7 Md. App. 108, 112-113. See *McCarson v. State,* 8 Md. App. 20, 22.

*The Procedure at Trial*

Appellant urges that when a judicial identification is challenged on the ground that it is tainted by an extrajudicial identification, the State is obliged to present the circumstances surrounding the extrajudicial identification to the jury. The point was squarely presented in *Smith and Samuels v. State, supra,* and resolved. We held, for the reasons therein set out, that it was not the obligation of the State to put before the trier of fact evidence of a pretrial identification. *Id.* at 69-70. See also *Watson v. State,* 7 Md. App. 225, 234; *Bailey v. State,* 6 Md. App. 496, 506. Here, in any event, evidence that the witnesses identifying appellant at trial failed to identify him at a lineup or by viewing of photographs, and did identify him at the preliminary hearing, was before the jury, adduced in part by the State and in part by appellant. Appellant now complains that the jury were not told expressly that if they found "the pre-trial confrontation * * * to be tainted, [they] could exclude that part of the evidence as a matter of law." But no such instruction was requested and no objection was made to the failure to give such a charge. Rule 756, §§ f and g.

*Remarks of the Trial Judge*

At the conclusion of the testimony of William Silvers, age 15 years, called by the State, the court said:

> "Incidentally, if anybody bothers you because of the testimony that you have given, you come in here and let Mr. Harlan (Assistant State's Attorney) know."

Appellant argues that these remarks require that the judgment be reversed. The transcript reads:

> "MR. GERTZ (defense counsel): If your Honor pleases, I don't know whether or not the jury would take from that remark that any threats were made or anything of that order. This was not so.
>
> THE COURT: Well, I'm not suggesting that

there were. I'm only saying that for the protection of this witness, if anybody disturbs him, I want to know about it.

MR. GERTZ: No, if your Honor pleases — this may be prejudicial to the jury.

THE COURT: Let me see counsel for a moment, please.

(Whereupon, a Bench-Bar Conference was held out of the presence of the jury as follows:

THE COURT: The only thing that I said to this boy was that if anybody bothered him because of his testimony he was to let Mr. Harlan know. Now, you have made a big deal about it. You have now called it to the attention—well, do you want a mistrial?

MR. GERTZ: No, I don't want a mistrial.

THE COURT: What do you want?

MR. GERTZ: Just the fact that there were no threats or anything made to this witness.

THE COURT: All right. I will tell the jury about that.

MR. GERTZ: Because I raised the question, because this kid was the one who said he could get him a hundred and twenty years.

MR. HARLAN: Your Honor and Mr. Gertz, I make the point, also, that this testimony was brought out by the Defense Counsel, not the State. In fact, we have no knowledge of it, whatsoever.

(Whereupon, the Bench-Bar Conference was concluded.)

THE COURT: Members of the jury, so there will be no misunderstanding, I want to be certain that you do not take any implication from my statement to the youngster who has just left that there had been or might be any threats against him. He is a young man, and I merely advised him that

in the event that there was any repercussion, he was to let Mr. Harlan know. Now, that doesn't mean that there has been any threat, nor does it mean that there is any suggestion of prejudice against the defendant as to this particular matter. So, you are to disregard that particular phase of the case."

Appellant received everything of the trial court that he requested and there is nothing before us preserved for review. Rule 1085. In any event in the light of the prompt caution of the jury we see no prejudice.

### The Sufficiency of the Evidence

Appellant does not allege that the *corpus delicti* was not proved but contends only that his criminal agency was not established. Of course the positive judicial identifications of him as the robber by the victim and the eyewitness were sufficient to establish his criminal agency. *Honest v. State,* 5 Md. App. 480; *Williams v. State,* 4 Md. App. 558. See *Barnes v. State,* 5 Md. App. 144. But even without their identifications there was sufficient evidence to submit the case to the jury. Appellant was shown to have been in exclusive possession of money recently stolen in the robbery. Such possession absent a reasonable explanation provides evidence by inference that the possessor was the robber. *Hernandez v. State,* 7 Md. App. 355, 367-368. See *Brown v. State,* 8 Md. App. 224, note 1 at 225. The robbery occurred at a branch office of the Provident Savings Bank. Of the sum of $3,079 stolen, fifty one-dollar bills were "burglar money or marked money." "Burglar money" is money as to which recordation is made of the serial numbers on the bills. In the event of a robbery, the teller attempts to include the money so marked with other money stolen. When appellant demanded that the teller here place money in a bag, she threw in the marked money. About three and one-half hours after the robbery a man positively identified as appellant offered some moving men $5 "to take him up-

town." He went behind the moving truck "to pull out the money to give him five dollars, and all the money fell on the ground." As soon as the money hit the ground, "everybody was fighting over it"—including the three moving men and two onlookers; all got some. Subsequently part of the money, over $500, was recovered by the police from some of the opportunists and with the money recovered were 28 of the marked bills. Appellant offered no explanation of his possession of the money, his defense being an alibi.

We find the evidence in law was sufficient to sustain the conviction. See *Williams v. State,* 5 Md. App. 450. Thus the lower court did not err in denying the motion for judgment of acquittal made at the close of all the evidence.

*Judgment affirmed.*