ALAN JOSEPH TOWNSEND *v.* STATE
OF MARYLAND

[No. 190, September Term, 1970.]

*Decided March 29, 1971.*

The cause was submitted to ANDERSON, ORTH, and
THOMPSON, JJ.

*David B. Allen* for appellant.

*John P. Stafford, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Fred K. Grant, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

We held flatly in *Jones v. State,* 9 Md. App. 455, certiorari denied, Court of Appeals of Maryland, 6 July 1970, 258 Md. 728, that the question of the admissibility of a judicial identification was not before us because it came in without objection made when it was offered. Prior to trial the defendant had moved to exclude evidence of identification and the trial court denied it after a full evidentiary hearing. We said, at 457:

> "We pointed out in *Smith and Samuels v. State,* 6 Md. App. 59, 67-68, that evidence of identity of a defendant may be challenged by a motion to exclude cr suppress such evidence made before or during trial or by an objection to the evidence when it is offered. Maryland Rules 725, 522. But this does not mean that because a motion to exclude or suppress such evidence is denied, the objection to the evidence is preserved on appeal. Further objection must be made to the introduction of the evidence at the trial on the general issue as required by Rule 522 d 2. Under the dictates of that Rule objection must be made at the time such evidence is offered, or as soon thereafter as the objection to its admissibility shall have become apparent. Otherwise objection shall be treated as waived".

Here, as in *Jones,* there was a motion made before trial and denied after a full evidentiary hearing. Here, as in *Jones,* at the guilt phase of the proceedings a judicial

identification of the accused by the victim and another eyewitness as the felon was received without objection. Here, as in *Jones,* we hold that the question of the admissibility of this evidence is not properly before us.

As the questions presented by Alan Joseph Townsend on his appeal from a judgment rendered upon his conviction by a jury in the Criminal Court of Baltimore of robbery with a deadly weapon go only to the admissibility of the judicial identifications, our holding is dispositive of the appeal. We observe that although appellant moved to strike the judicial identifications at the close of the evidence offered by the State, the motion, in the circumstances, was too late and its denial was not an abuse of judicial discretion.

We further observe that in any event, assuming *arguendo,* that the line-up and photographic viewing procedure were illegal as appellant claims, the judicial identifications were properly admissible because there was clear and convincing evidence that they had an independent source. And also even if the judicial identifications were admitted in error, we could say that the error was harmless beyond a reasonable doubt. At the hearing on the motion to suppress, the victim, Delores Kirner, assistant secretary-treasurer and part-time teller of the Hearthstone Savings and Loan Association, testified that she recognized appellant as soon as he came in the Association's office about 10:45 A.M. on 17 September 1968 as the man who had been photographed in the act of robbing another savings and loan association several months before. She had seen that photograph in the newspaper. He came over to her, an arms length away, showed her a pistol, demanded and took money from her possession. The lighting was excellent. "We have fluorescent lighting in the ceiling. The whole ceiling is lit up. * * * It was a beautiful day, sunshiny". She identified him in a line-up. She made a positive identification of him at the hearing and when asked whether she did so "because you remember him from the date of the robbery or because you saw him in the line-up", answered, "Both". But she

recalled that he was the man who robbed her. Mary Cummons, an employee of the Association, who also identified appellant as the robber, had ample opportunity to observe him at the time of the robbery under the same conditions as Mrs. Kirner. She saw his face when he came in the door and "watched him always" as he approached Mrs. Kirner. "There were no other customers in the Association". On cross-examination after it was elicited that she had identified him at a line-up she said, "I felt sure that I had made a proper identification. My—our Association is well lighted, so I got—when he walked in I did have a good look at him. * * * I had felt sure I wouldn't have identified him in the first place. * * * I am sure when I said that that is who I had seen". She denied that the fact she saw him in the line-up in anyway influenced her identification at the hearing. "No sir. Because I was rather concerned about it. I didn't know whether I would recognize him after a year, but I definitely do". Pressed by defense counsel she said that her present identification could be "from both" seeing him at the time of the robbery and in the line-up. In ruling on the motion the court's findings included that "any in-court identification by these witnesses was based upon observations of the defendant other than the line-up identification". We do not feel that this judgment on the evidence was clearly erroneous. Maryland Rule 1086.

Evidence adduced at the guilt stage showed that appellant was apprehended near the scene of the robbery and shortly after its commission when a department store detective who had received a description of the robber recognized him and called the police. The robber had taken $736 in bills from Mrs. Kirner. Part of the money stolen was in a wrapper on which was stamped "Union Trust Company" and on which was written "A.B.", the initials of a teller at that bank. Found on appellant's person was $734 in bills, of which $250 was in a wrapper which bore the stamp "Union Trust Company" and the initials "A.B." The difference of $2 between the amount stolen and the amount on his person could be explained by the fact that

he was drinking a beer and playing a pinball machine when arrested. Also on his person was a .25 caliber automatic with five rounds of live ammunition in the clip. During the robbery he was wearing spectacles with dark horn frames. Spectacles of this type were in his pocket when he was arrested. He was dressed as described by the eyewitnesses—green pants and a greenish gold sports coat—and in physical characteristics he otherwise closely resembled the robber as described by them.

Because of the evidence supplied by the inference arising from appellant's exclusive possession of recently stolen goods and the totality of the other evidence tending to show his criminal agency, we could say, if called upon to do so, that error in the admission of the judicial identifications was harmless beyond a reasonable doubt. See *Redding v. State,* 10 Md. App. 601, 610-611. Also see *Jones v. State,* 10 Md. App. 420; *Smith and Samuels v. State, supra.*[1]

*Judgment affirmed.*

---

1. It appears from appellant's brief that he was charged with committing two other armed robberies. He pleaded guilty to one of them and a sentence of 10 years was imposed to run consecutively with the 20 year sentence imposed in the instant case. The State stetted the third indictment.