WILLIAM SYLVESTER A/K/A William Sylvester Collins *v.* STATE OF MARYLAND

[No. 177, September Term, 1972.]

*Decided January 26, 1973.*

The cause was argued before THOMPSON, GILBERT and SCANLAN, JJ.

*Howard L. Cardin* for appellant.

*David B. Allen, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City, Charles O. Fisher, Jr., Gary Bass* and *Sandra A. O'Connor, Assistant State's Attorneys for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

William Sylvester, also known as William Sylvester Collins was convicted by a jury in the Criminal Court of Baltimore, Judge James W. Murphy presiding, of murder in the first degree of Roman David Lermer, manslaughter of James Allen Wilson, assault with intent to murder Nathan Lermer and armed robbery.

Appellant prays that his convictions be reversed because: (1) the trial court erroneously denied the appellant's motion to dismiss the indictments for a lack of a speedy trial; and (2) the trial court did not permit evidence regarding a polygraph test which had been the subject of a written stipulation between the State and the defense.

## I Speedy Trial

The record shows the following dates and events:

| | |
|---|---|
| 4/17/71 | The crimes were committed. |
| 4/24/71 | Defendant surrendered himself in the Homicide Office of the Central District Police Station and his then attorney, Donald Daneman was t e l e p h o n e d and arrived shortly thereafter. |
| 4/27/71 | Indictments were returned against appellant. |
| 5/24/71 | As Daneman never filed his appearance, the court appointed counsel to represent appellant. |

6/2/71...... Court-appointed counsel filed his appearance.

6/3/71......... Court-appointed counsel filed a Motion for Discovery.

6/10/71 . . State answers defense's Motion for Discovery.

6/16/71..... Motion to Dismiss Indictments for lack of speedy trial filed.

6/23/71 . Hearing was held on the Motion to Dismiss; the Motion was denied.

7/28/71 .. .. Motion to Dismiss filed in proper person.

7/30/71. ... Motion to Dismiss filed.

8/24/71 .. Through counsel appellant filed a Motion for Severance.

9/28/71 .. . Appellant's motion, as well as similar motions by others named in the indictments were heard and the motions were granted.

11/5/71..... State filed a petition "at the request of Mr. Collins' attorney" that appellant be given a polygraph examination. The motion was granted.

11/9/71 .. .. A motion identical to that mentioned immediately above, except as to examination time, was filed and granted.

11/15/71.. . Appellant was r e a r r a i g n e d, pleaded not guilty and prayed a jury trial. Trial was begun but a mistrial was declared. Appellant was again rearraigned, again pleaded not guilty, prayed a jury trial and trial was begun.

11/17/71...... Verdicts rendered.

The hearing on appellant's motion to dismiss the indictments for lack of a speedy trial was held in June of 1971. Appellant's counsel argued:

". . . I appeared in the State's Attorney's Office at their request for a pre-trial conference, having met with [Assistant State's Attorney] Mr. Lamar Benson. At that time I advised Mr. Benson that Mr. Collins would pray a jury trial and asked for a speedy trial date. I followed that up on the following day by filing a request for speedy trial which was hand delivered to Mr. Benson and noted on his pre-trial conference report. At that time Mr. Benson and I went to the assignment office and that the earliest trial date that was available for a two-day jury trial, it was an estimated two-day jury trial, it was October the 13th and 14th of 1971 in Criminal Court Part IV. At that time I requested of the person in the assignment office, who I believe was Mr. Dupres (phonetically) what was the earliest trial date available for a court trial. Obviously, a court trial would not take as long as, and would not require a jury. It would have been either June 23rd or June 25th, either yesterday or tomorrow, probably in Part III.

"At that time I advised Mr. Collins that the earliest date we could have a court trial was October the 13th, and he and I discussed this matter. And at that time we filed this motion to dismiss the indictment for lack of a speedy trial on the grounds and argument that by requesting a jury trial, he is required to stay in jail and to wait a much longer time to be tried. What is actually happening is that pressure is being put on Mr. Collins to take a court trial and waive his right to a jury trial because of this long delay."

The State called Mrs. Ernestine Karukas, the acting Criminal Assignment Commissioner, who testified that it was her responsibility to set cases in for trial before the Criminal Court of Baltimore. She testified that in assigning cases for trial, priority was given to those defendants who were being held in jail (as was appellant) over those free on bail pending trial. She explained that she had thoroughly checked her assignment sheets and determined that the earliest possible assignment for a two-day jury trial was October, 1971, but that should a court trial be desired, one could be had in July. The reason for this discrepancy, she explained was that: "We have two jury trials per day in courtrooms. We have five Criminal Courts in operation starting June the 28th, that is the summer schedule, and the reason for that is that after checking the Jury Commissioner, we find that we are unable to schedule more than three jury trials per day because there are not enough jurors available to cover the Criminal Courts and Civil Courts."

Appellant's counsel argued that he felt the possible assignment dates offered him by Mrs. Karukas on June 4th, 1971, i.e. July for a court trial, October for a jury trial, was too great a discrepancy and put pressure on appellant to waive his right to a jury trial. In announcing his ruling on the motion the trial court stated:

> "It appears as though the Defendant in this case was arrested on April the 24th, and he did receive a very speedy indictment. He was indicted April the 27th, 1971. I think that some of the reasons for the delay and the fact that you were not appointed until a comparatively recent date and entered your appearance only earlier this month is the fact that the interview sheet with the Pre-Trial Release Division shows that when Mr. Collins was interviewed at the Baltimore City Jail on May the 7th, 1971, about ten days after the Grand Jury indicted him, according to this sheet, he stated that he had an attorney, Mr. Donald Daneman, and that he

was going to get his own attorney. Of course, as you know, when this happens, counsel is not appointed. Apparently, Mr. Collins was unable to follow through and engage Mr. Daneman as his private attorney. And it is for that reason that you were not appointed until a very recent date, and you entered your appearance on June the 2nd. This is June the 24th. This is only three weeks after you entered your appearance as his counsel.

"I don't think that the State can be charged with the delay from the last of April to the first of June when the information was that he was going to get his own counsel, and that things remained in a state of flux actually until he either got his counsel or the State was informed that he's not going to get counsel. Now, I don't think that any prejudice has been shown in this matter of a practical nature other than the obvious unpleasant fact that he has to remain in Baltimore City Jail until October the 13th. In the absence of any showing of prejudice other than the fact that it is more unpleasant to stay in the Baltimore City Jail than to be outside of it, I'm going to deny the motion, but I will ask the State though to follow through on this, and if in the interim there are some cases postponed which have a prior date, to insert this case in place of any case that may be postponed."

In determining whether an accused has been denied his state and federal constitutional right to a speedy trial, four factors are to be considered in light of the facts and circumstances of each case: (1) the length of the delay; (2) the reason for the delay; (3) prejudice to the accused; and (4) waiver by the accused.[1] *State*

---

1. Whether one asserts his right is not determinative of the issue, but only a factor to be considered. See *Barker v. Wingo*, 407 U. S. 514, 92 S. Ct. 2182, 33 L.Ed.2d 101 (1972).

*v. Hunter,* 16 Md. App. 306, 295 A. 2d 779. As waiver is not an issue in this case, we turn our attention to the first three factors. In such a three-factor analysis, "the 'delay' factor is the initial and primary object of the examination. The 'reason' factor and the 'prejudice' factor are, respectively, its cause and effect. They represent the possible 'fault' that led to the delay and the possible 'harm' that flowed from the delay." *State v. Lawless,* 13 Md. App. 220, 229, 283 A. 2d 160.

In *Lawless,* at pages 230, 231, we stated: "Recognizing that the right to a 'speedy trial' is not the right to an immediate trial, but that time must be allowed for reasonable preparation on the part of the prosecution and for the orderly process of the case from indictment to retention (or appointment) of counsel to arraignment to trial, we reckon as 'delay' only the passage of time beyond that which is the obvious requirement of orderly procedure." Collins' right to a speedy trial attached on the date he surrendered himself and was arrested, April 24, 1971. *United States v. Marion,* 404 U. S. 307, 92 S. Ct. 455, 30 L.Ed.2d 468 (1971) ; *State v. Hamilton,* 14 Md. App. 582, 287 A. 2d 791. From that time until his conviction there elapsed less than seven months. We are not concerned, however, with merely the length of the delay, but only that portion of the delay fairly attributable to the state. Without strictly apportioning time to either the appellant or to the state, we think it clear that the appellant was responsible for a portion of the delay and that the orderly administration of justice was responsible for the remainder. No unreasonable or capricious delay by the state is charged. Any delay attributable to the state under the circumstances of this case, wherein multi-count felony indictments were returned charging several persons with the crimes, and judgments against appellant were rendered within seven months of the crimes, would be less than substantial and not of constitutional dimensions. See the compendium of cases cited in *Lawless, supra,* at pages 235-236.

## II Ruling Prior to Mistrial

Appellant contends the trial judge committed reversible error by refusing to admit, over objection of the state, evidence as to the results of a lie detector test. The stipulation by counsel recited that neither side would object should the results of the test be offered into evidence. The test results were inconclusive.

Appellant alleges that when his counsel mentioned this subject in his opening statement before the jury the trial judge declared a mistrial at the request of the state. A new jury was impanelled and counsel were directed to avoid the subject in the presence of the jury. At this trial the subject was neither mentioned nor was there any proffer of such evidence. Appellant sought to supplement the record to include the proceedings which resulted in the mistrial. We declined to permit the supplementation because, as the proffer was not made during trial, the question could not come before us. The subject matter for our consideration concerns the trial during which appellant was convicted. There was no proffer, objection or ruling concerning the alleged stipulation at the new trial. Any errors which may have occurred at the aborted trial were rendered moot by the new trial. If evidence rejected before a mistrial is not re-offered at the trial, there is no ruling for this Court to consider.

Similarly, we have refused to consider the question as to improper identification where a pre-trial motion to suppress was denied after a full hearing and there was no objection when the evidence was offered at trial. *Jones v. State,* 9 Md. App. 455, 265 A. 2d 271, cert. den. by Court of Appeals of Maryland July 6, 1970, cert. den. by Supreme Court of the United States, 400 U. S. 906, 91 S. Ct. 148, 27 L.Ed.2d 144 (1970). We have also refused to consider the voluntariness of a confession where the court ruled in a hearing out of the presence of the jury but no objection was made when the confession was actually offered into evidence. *McCarson v. State,* 8 Md.

App. 20, 257 A. 2d 471. In both instances we considered the issue waived by the failure to object. In the instant case we also consider the issue waived when the evidence was not proffered at the trial. Compare *Glover v. State*, 14 Md. App. 454, 287 A. 2d 333, construing Md. Rule 729 on unlawfully seized evidence. See also *Dodson v. Temple Hill Baptist Church*, 248 Md. 697, 238 A. 2d 239.

*Judgments affirmed.*