## MELODI MARIE HUSTON a/k/a Wanda Lee King v. STATE OF MARYLAND

[No. 639, September Term, 1976.]

*Decided April 7, 1977.*

The cause was argued before MORTON, POWERS and MASON, JJ.

*Victoria A. Salner, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Leroy Handwerger, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Gilbert H. Robinette, Assistant Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Nelson Stewart, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

Melodi Marie Huston, appellant, was convicted of second degree murder by a jury sitting in the Criminal Court of Baltimore (Levin, J., presiding) and sentenced to twenty years' imprisonment. In this appeal she first contends that the "trial court improperly cut off appellant's right to impeach the credibility of State's witness Michael Burton with reference to a prior conviction of Burton's for the crime of unauthorized use."

The major thrust of the State's case was the evidence elicited from Michael Burton who testified that shortly after 3 a.m. on July 25, 1975, he was standing in the area of "The Block" in Baltimore City when he "observed four people across the street, surrounding * * * a human being." He then heard "a great big blast, which was a shot * * * saw people running in different directions" and "observed [the victim] laying flat on the ground." Immediately thereafter appellant, whom he knew by the name of Wanda, came "running towards me." According to Burton, appellant asked him if she "could come to stay at my place that night, because she had just shot and killed a man." After Burton refused her request, she departed.

In response to a question by defense counsel on cross-examination, Burton denied that he had ever received any money for lodging from the State or the police prior to or during the trial. Later the prosecuting attorney was called by the defense as a witness and testified that he had given Burton, just prior to and during the trial, a total of $108 for transportation, meals and hotel accommodations.

Also, in the course of cross-examination, Burton was asked if he had ever been convicted of a crime and he replied: "Unauthorized use of a motor vehicle" sometime between "September, '73 to April '74." The trial judge immediately announced:

> "Well, I'm going to instruct the jury to ignore that testimony in its entirety with respect to being convicted of a crime. Next question."

After defense counsel argued unsuccessfully that Burton's acknowledgement of his conviction "should go before the jury as to credibility," the trial judge stated:

> "No, because I don't think it has anything to do with credibility. The fact that two years ago, or three years ago he was convicted of an authorized use crime, I think has no bearing whatever on credibility. And I think it would be unfair and prejudicial to permit it to stay in to attack his credibility.
>
> There is a very recent case that upheld a trial judge in exactly that ruling. That's my ruling, sir."

Later in the trial the judge advised counsel that the case he had in mind was *Thomas v. State*, 29 Md. App. 45, 53-54 (1975).

In this context we agree with appellant that the trial judge's reliance upon *Thomas* was misplaced and that appellant was entitled to have the jury consider Burton's conviction of the crime of unauthorized use of an automobile in making their appraisal or judgment of his credibility. In *Thomas* the trial court would not permit the defendant to cross-examine a State's witness about previous convictions for assault. In affirming the action of the trial judge, we adopted the statement he gave in support of his ruling, in the course of which he said:

> " 'Well, those are certainly not infamous crimes, and they are certainly not crimes involving moral turpitude. So the question is whether they are crimes which have some tendency to show that the witness is not to be believed under oath. I don't think they are.' "

Whether to admit evidence of an accused's or a witness's prior conviction of a crime for the purpose of impeaching his credibility is ordinarily in the sound discretion of the trial judge and the exercise of this discretion will not be disturbed unless it is shown that the admission or rejection of such evidence unfairly prejudiced the accused's defense. *Cousins*

*v. State,* 230 Md. 2 (1962); *Johnson v. State,* 9 Md. App. 166 (1970); *Robinson v. State,* 4 Md. App. 515 (1968).

While § 10-905 of the Courts and Judicial Proceedings Article provides that "[e]vidence is admissible to prove the interest of a witness in any proceeding, or the fact of his conviction of an infamous crime," we have held that "[s]uch evidence need not be restricted to infamous crimes or those involving moral turpitude, provided the violation of law may have some tendency to show that the witness is not to be believed under oath." *Robinson v. State, supra* at 532. *See also Johnson v. State, supra* at 169. Otherwise stated, the admissibility of a prior conviction of an accused or witness is governed by the relevancy or irrelevancy it has to the issue of credibility. Is such evidence a legitimate factor in aiding the trier of fact, be it judge or jury, in formulating a judgment concerning the credibility of the individual? If it can be said that it may make a significant contribution to assessing one's credibility, then it is admissible for that purpose. Otherwise, it should be excluded from the evidence. *See Mulligan v. State,* 18 Md. App. 588 (1973).

Measured by these standards, we think that Burton's prior conviction of the crime of unauthorized use of a motor vehicle was entirely relevant to the issue of his credibility in light of the setting in which the case reaches this Court. Burton was the only eyewitness to the crime and without his testimony the State would have been hard put to establish the criminal agency of appellant. The very core of appellant's defense involved and depended upon a successful attack upon Burton's credibility. Appellant sought to impeach his credibility by calling as a witness the individual who was prosecuting her on behalf of the State. He unhesitatingly contradicted Burton's assertion that he had not been paid money by the State.

Appellant next sought to attack Burton's credibility through the introduction of evidence concerning his prior conviction for unauthorized use of a motor vehicle. While this crime, sometimes known as larceny of use, is similar to the crime of larceny, the essential difference is "that in the

larceny there must be an intent to deprive the owner permanently of his property while in larceny of the use the intent to deprive the owner temporarily. *Gopshes v. State*, 1 Md. App. 396." *Sizemore v. State*, 5 Md. App. 507, 516 (1968). *See also Robinson v. State*, 17 Md. App. 451, 457 (1973).

It has long been held that "[m]urder, robbery and larceny are all infamous crimes in Maryland. *State v. Bixler*, 62 Md. 354; *Garitee v. Bond*, 102 Md. 379." *Cousins v. State, supra* at 4. While we are not prepared to say that the crime of unauthorized use of a vehicle is an infamous crime because of its substantial similarity to the crime of larceny, we are convinced that it is a crime, unlike assault and battery, which may have some tendency to show that the convicted accused "is not to be believed under oath." *Cousins v. State, supra* at 4.

In the context of the record before us, we think the trial judge committed reversible error in refusing to permit the jury to consider Burton's prior conviction of unauthorized use of a vehicle. In reaching this conclusion, we recognize, as the State points out, that there are decisions in other jurisdictions which have reached an opposite conclusion. We find some support, however, for the result we here reach from a statement by way of *obiter dicta* in *Braun v. State*, 230 Md. 82 (1962), where the Court of Appeals refused to consider appellant's complaint about admission of his past criminal record because the issue had not been properly preserved. The Court stated, at 91:

> "Even if it were before us, however, the appellant's cause would not be aided. He took the stand and thereby put his credibility in issue. The admission of evidence of convictions for larceny, automobile larceny, burglary, embezzlement and the *unauthorized use of an automobile* was, we think, within the proper discretion of the trial court." (Emphasis added.)

The State further urges that the conviction should have been excluded on the ground of remoteness since "it was two or three years old." It has been held that "where the prior

conviction was for an infamous crime, evidence of it is admissible without reference to the time of its commission, for such bearing and weight on credibility as the trier of fact may give it under the circumstances." *Cousins v. State, supra* at 4, 5. On the other hand where "the conviction was for a crime not infamous, the length of time since it occurred considered with the nature of the crime has been deemed pertinent in deciding relevancy." *Cousins v. State, supra* at 4. In the circumstances of this case we think that Burton's conviction was not so remote in time as to compel a finding that it had become an irrelevant factor in considering his credibility.

In view of our conclusion, we do not reach appellant's additional contentions.

> *Judgment reversed; case remanded for a new trial; costs to be paid by the Mayor and City Council of Baltimore.*