# STATE OF MARYLAND *v.* MELODI MARIE HUSTON, ETC.

[No. 59, September Term, 1977.]

*Decided November 22, 1977.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

*Gilbert H. Robinette, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellant.

456

*Victoria A. Salner, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellee.

SMITH, J., delivered the opinion of the Court.

We shall here affirm the decision of the Court of Special Appeals in *Huston v. State,* 35 Md. App. 455, 371 A. 2d 449 (1977), holding that a trial court erred in directing a jury "to ignore . . . testimony in its entirety" which indicated that a prosecution witness had been convicted of "[u]nauthorized use of a motor vehicle."

Appellee, Melodi Marie Huston, was convicted of murder in the second degree by a Baltimore City jury. Cross-examination of the principal witness for the State elicited the information of his unauthorized use conviction, which apparently was sometime between September 1973 and April 1974. A conference was held at the bench, out of the hearing of the jury, immediately after the direction of the trial judge to the jury to ignore the testimony. At that time the judge said:

> "I don't think it has anything to do with credibility. The fact that two years ago, or three years ago he was convicted of an unauthorized use crime, I think has no bearing whatever on credibility. And I think it would be unfair and prejudicial to permit it to stay in to attack his credibility."

The Court of Special Appeals held the "prior conviction [of the witness] of the crime of unauthorized use of a motor vehicle was entirely relevant to the issue of his credibility in light of the setting in which the case reache[d]" that court, pointing out that this individual "was the only eyewitness to the crime and without his testimony the State would have been hard put to establish the criminal agency of [Miss Huston]." It added, "The very core of [her] defense involved and depended upon a successful attack upon [the witness'] credibility." We granted the writ of certiorari in order that we might consider the matter.

The parties agree that it was the crime of larceny of the use of a vehicle, a violation of Maryland Code (1957, 1971 Repl. Vol.) Art. 27, § 349, of which the witness was convicted.[1] This statute provides for a fine of not less than $50 nor more than $100, or imprisonment for not less than six months nor more than four years, or both.

Relative to character and conviction of crime, *McCormick's Handbook of the Law of Evidence* § 43 (2d ed. 1972) comments:

> "A few jurisdictions seem to adhere to the loose common law definition ... of 'infamous crimes.' The California Code and some other codes specify only 'felonies,' a limitation which is at least simple to apply. Similarly easy is the administration of a rule which includes 'any felony or misdemeanor.' This is the construction which some of the courts place upon statutes worded in terms of 'crime' or 'any crime.' But most courts have been unwilling to accept such simple mechanical tests, and have read into such general statutes the requirement that as to misdemeanors at least, the offense must be one involving 'moral turpitude.' Thus does the serpent of uncertainty crawl into the Eden of trial administration. Still more uncertain is the rule that gives the trial judge discretion on the basis of whether the particular conviction substantially affects the credibility of the witness. Under the rule requiring moral turpitude, it seems questionable whether the creation of a detailed catalog of crimes involving 'moral turpitude' and its application at the trial and on appeal is not a waste of judicial

---

1. A somewhat similar crime is found in Code (1957, 1970 Repl. Vol.) Art. 66½, § 4-102 (now Code (1977) § 14-102, Transportation Article) making it a crime to drive a motor vehicle without the consent of the owner. At the time here relevant a violation of that section would have been punishable under Code (1957, 1970 Repl. Vol., 1973 Cum. Supp.) Art. 66½, § 17-101 (b) (iii) by a fine of not more than $500 or imprisonment for not more than two years or both (now § 27-101 (c) (2), Transportation Article). The two statutes are discussed in Thomas v. State, 277 Md. 257, 267-70, 353 A. 2d 240 (1976).

energy in view of the size of the problem. Moreover, shifting the burden to the judge's discretion raises problems as to the adequacy of his information or basis upon which to exercise his discretion. A rule involving a clear and certain definition has advantages in administration. The proposal of the Uniform Rules to limit impeachment to conviction of crimes 'involving dishonesty or false statement' is a fairly definite but not arbitrary criterion." *Id.* at 85-86. (Footnotes omitted.)

The test set forth in Federal Rules of Evidence § 609 (a) is:

"(a) General rule. — For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment."

The only relevant statute is Code (1974) § 10-905 (a), Courts and Judicial Proceedings Article, providing that "[e]vidence is admissible to prove ... the fact of [the] conviction [of a witness] of an infamous crime." This replaced Code (1957) Art. 35, § 10 providing, "In all cases it shall be competent for any of the parties to the proceedings to prove by legal evidence ... the conviction of [any] witness of any infamous crime," the language used in the original enactment in Chapter 109 of the Acts of 1864. No significance should here be read into the slight change in language in the process of code revision. *See* the discussion for the Court by Chief Judge Murphy in *Bureau of Mines v. George's Creek*, 272 Md. 143, 155, 321 A. 2d 748 (1974), concerning such changes in language.

The cases which have reached this Court relative to conviction of crimes as a basis for impeaching a witness have usually arisen in the context of a defendant's objection to the eliciting of such information, not the refusal of the court, as in this case, to permit introduction of such evidence by the defendant. The prior holdings of this Court on the subject were summarized for it by Judge Hammond in *Cousins v. State,* 230 Md. 2, 185 A. 2d 488 (1962):

> "It has been held by this Court that evidence of the accused's previous conviction of crime need not be restricted to infamous crimes or those involving moral turpitude, provided the violation of law may have some tendency to show that the person charged is not to be believed under oath. *Taylor v. State,* 226 Md. 561; *Linkens v. State,* 202 Md. 212. In such instances the exercise of discretion by the trial judge will not be interfered with on appeal unless the fact of the prior conviction is clearly irrelevant. *Nelson v. Seiler,* 154 Md. 63, 69. Where the conviction was for a crime not infamous, the length of time since it occurred considered with the nature of the crime has been deemed pertinent in deciding relevancy. *Burgess v. State,* 161 Md. 162, 170, *et seq.; Simond v. State,* 127 Md. 29, 39. We think that where the prior conviction was for an infamous crime, evidence of it is admissible without reference to the time of its commission, for such bearing and weight on credibility as the trier of fact may give it under the circumstances." *Id.* at 4-5. (Footnotes omitted.)

Chief Judge Bond observed for the Court in *Nelson v. Seiler,* 154 Md. 63, 68, 139 A. 564 (1927), "To admit as possible evidence of a witness' unworthiness of belief the fact that he has been convicted of driving over a stop signal, or making a left-hand turn where it is not permitted, would be unreasonable." In *Simond v. State,* 127 Md. 29, 39, 95 A. 1073 (1915), our predecessors determined that a conviction for drunkenness was not relevant to a prosecution concerning

an election fraud. In contrast, *Hunter v. State*, 193 Md. 596, 605, 69 A. 2d 505 (1949), held a very recent prior conviction for running a gaming table to be pertinent to the issue of credibility as to a witness on trial for accepting a bet on a horse race.

The reason for considering a prior conviction of a witness as reflecting upon his credibility and thus the type of crime to be considered was stated for the Court by Judge W. Mitchell Digges in *Burgess v. State*, 161 Md. 162, 155 A. 153 (1931):

> "The issue always is the truth of the witness' testimony. In other words, is the witness devoid of moral perception, such a person as would regard lightly the obligations of an oath to tell the truth? In judging of a man's moral fibre, his previous conduct, covering a reasonable time before the inquiry, undoubtedly has a real and substantial bearing upon the question. It seems to us that there can be little argument that previous conduct of a witness can be shown to be such as, by the common experience of the average man, would justify a belief of his unworthiness as a witness. Certainly if it be shown that a witness had previously been convicted of perjury, it would materially discredit, if not entirely destroy, the value of his testimony. Conviction of many other crimes could properly have the same effect; while, on the other hand, there may be convictions of violations of hundreds of police regulations, which in no real or true sense can be taken as tending to make one so convicted unworthy of belief." *Id.* at 172-73.

*See also Mulligan v. State*, 18 Md. App. 588, 592-97, 308 A. 2d 418 (1973); *Johnson v. State*, 4 Md. App. 648, 657-58, 244 A. 2d 632 (1968), *cert. denied*, 252 Md. 731 (1969); and *Robinson v. State*, 4 Md. App. 515, 532-33, 243 A. 2d 879 (1968).

The State in support of its position points to *Braun v. State*, 230 Md. 82, 91, 185 A. 2d 905 (1962), where, in dicta, this Court indicated that a trial court might, in the exercise

of its discretion, allow evidence of a conviction for the crime of unauthorized use of a motor vehicle to be utilized for impeachment purposes. The comment in *Braun* was made after the Court had stated that the point had not been preserved by objection at the trial, citing Maryland Rule 885. The State noted that we have not said whether excluding such evidence is reversible error. To the extent that the *Braun* dicta could be construed as an indication that exclusion of such evidence is not reversible error, we decline to follow *Braun*.

Regardless of whether the crime here was infamous, a conviction in late 1973 or early 1974 was so recent as to a trial in January 1976 as to retain its relevance. We held in *Henry v. State*, 273 Md. 131, 138, 328 A. 2d 293 (1974), that larceny of the use of a vehicle is inconsistent with the crime of larceny, the reason being, as expressed by Judge Orth for the Court of Special Appeals in *McCarson v. State*, 8 Md. App. 20, 22 n. 1, 257 A. 2d 471 (1969), "that an automobile cannot be taken with the intent both to steal it and not to steal it." The statute here refers to "[a]ny person ... who shall enter, or being upon the premises of any other person ... shall, against the will and consent of said person ... wilfully take and carry away ... any ... vehicle including motor vehicle as defined in the laws of this State ... or take and carry away out of the custody or use of any person ... any of the ... property" enumerated in Art. 27, § 349, "although it may appear from the evidence that such person ... took and carried away the property ... for his ... present use, and not with the intent of appropriating or converting the same." Notwithstanding the language relative to "the [lack of] intent of appropriating or converting the same," the crime has in it an element of dishonesty, such as, in the words of the Court in *Burgess*, might indicate that "the witness [was] devoid of moral perception," being "a person [who] would regard lightly the obligations of an oath to tell the truth." The Maryland cases make it plain that it is proper to consider convictions of such crimes in determining the credibility of a witness. Therefore, we agree with the Court of Special Appeals that

462

under the facts and circumstances of this case it was prejudicial error not to permit the defendant to cast doubt upon the credibility of this witness by showing his conviction of unauthorized use.

> *Judgment affirmed; Mayor and City Council of Baltimore to pay the costs.*